Carmen W. BETHEA, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–914.

United States Court of Veterans Appeals.

Submitted Jan. 16, 1992.

Decided March 13, 1992.

As Amended April 8, 1992.

Lewis C. Fichera, West Deptford, N.J., was on the motion, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., and William S. Mailander, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Carmen W. Bethea, seeks reconsideration of this Court's single-judge order of December 11, 1991, dismissing her appeal for failure to file a timely notice of appeal. 2 Vet.App. 175 (1991). She argues that under 38 U.S.C. § 5107 (formerly § 3007) and 38 C.F.R. § 3.102, a claimant seeking benefits under laws administered by the Secretary of Veterans Affairs (Secretary) must be given the benefit of the doubt when evidence is in equipoise. We hold these provisions inapplicable to factual matters concerning this Court's jurisdiction. Before reaching that question, it is appropriate to put this matter in procedural

context and explain the significance of single-judge and panel action by the Court.

On June 3, 1991, appellant appealed a July 3, 1990, Board of Veterans' Appeals (Board or BVA) decision. The Secretary subsequently filed a motion to dismiss for lack of jurisdiction asserting that appellant's Notice of Appeal (NOA) was untimely. Appellant opposed that motion, contending that she had not received the Board decision until February 1991 and, thus, had filed her appeal within 120 days after notice by the BVA. On September 10, 1991, the Court ordered the Secretary and appellant to file responses to specified questions to assist the Court in its determination of jurisdiction.

Appellant asserted in response that she did not receive the BVA decision until February 5, 1991, and therefore her June 3, 1991, NOA was timely. She stated that the decision's late arrival might be attributed to the fact that she had moved from Washington, D.C., to Camden, N.J., after she appealed her claim to the BVA, and had not notified the BVA of this change since the post office was forwarding her mail. The Secretary responded that (1) the BVA decision was mailed on July 3, 1990, to appellant's "last known address" in Washington, D.C.; (2) there was no evidence that the decision was returned or resent; and (3) appellant stated in a letter to a member of the Senate, dated November 1990, that she had received a final decision from the BVA.

After consideration of appellant's response and the Secretary's pleadings, this Court, through the action of a single judge, as permitted by 38 U.S.C. § 7267 (formerly § 4067), held that appellant's NOA was untimely and dismissed the appeal. On December 26, 1991, appellant filed a motion for reconsideration by the single judge. At the suggestion of the single judge, the motion is treated as one for panel review under Rule 35(b) of this Court's Rules of Practice and Procedure. In that motion appellant argues for the first time that the so-called "benefit of the doubt", or evidentiary equipoise rule, applies to factual questions raised as to this Court's jurisdiction.

## SINGLE–JUDGE AND PANEL ACTION

■■■ By Court practice, single-judge decisions are rendered only when the criteria for summary action under *Frankel v. Derwinski*, 1 Vet.App. 23, 25 (1990), are met. The policy announced in *Frankel* is based on the existence of a rule of decision which is "binding precedent", or the existence of a rule of law. *Id.* at 26. Such precedent may be a panel or en banc decision of this Court, a decision of the United States Court of Appeals for the Federal Circuit (which may review some of this Court's decisions), or a decision of the Supreme Court of the United States (38 U.S.C. § 7292 (formerly § 4092)). A single-judge summary disposition or order is, accordingly, based on clear authority already known and constitutes the law of the particular case. As such, it is fully binding on the Board and the Secretary in that case; however, it carries no precedential weight. A single-judge disposition is not binding in another case before a single judge or a panel. It may be cited or relied upon, however, for any persuasiveness or reasoning it contains. Where there is an earlier panel or en banc opinion, we apply a rule that in a subsequent case, a panel or single judge may not render a decision which conflicts materially with such earlier panel or en banc opinion. In this way we assure consistency of our decisions. Only the en banc Court may overturn a panel decision. *Tobler v. Derwinski*, 2 Vet.App. 8 (1991); *see, e.g., Johnston v. Ivac Corp.*, 885 F.2d 1574, 1579 (Fed.Cir.1989). *See also* Fed. R.App.P. 35(a) (hearing en banc ordered when necessary to secure uniformity of decisions).

■■■ This Court's Rule 35(b) provides that a party may move for review by a three-judge panel "in a case decided by a single judge." A motion for review of a single-judge decision must persuasively argue that the case did not meet the criteria for summary action under *Frankel.* If a panel of the Court chooses to deny a motion for panel review, the decision of the single judge remains undisturbed, and becomes the decision of the Court on which judgment is entered. If the Court grants

the motion, as it does in this instance, the single-judge decision is vacated, and the Court will decide the case anew.

## THE EVIDENTIARY EQUIPOISE RULE

█ In her motion for reconsideration, appellant argues, inter alia, that the weight of the evidence is equally balanced, and that section 5107 and 38 C.F.R. § 3.102 operate to resolve any doubt in her favor. Section 5107(b) of title 38, United States Code, and 38 C.F.R. § 3.102 provide that if the positive and negative evidence as to a claim before a Department of Veterans Affairs (VA) adjudicatory body is in approximate balance, the benefit of the doubt inures to the appellant. Both the statute and regulation refer only to "a case before the Department [of Veterans Affairs]". No statute, however, requires that this Court, when determining its jurisdiction, apply the same evidentiary standard.

█ Generally, the one initiating the court action bears the burden of proving jurisdiction by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 181, 56 S.Ct. 780, 781, 80 L.Ed. 1135 (1936) (burden of proving jurisdiction is on the one asserting jurisdiction); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899 (2d.Cir.1981) (proponent must prove jurisdiction by a preponderance of the evidence); *accord Welsh v. Gibbs*, 631 F.2d 436 (6th Cir.1980); *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir.1977). Appellant here has not established jurisdiction by a preponderance of the evidence, as she concedes in her motion for reconsideration. We apply the traditional rule respecting the jurisdiction of a court—whether trial or appellate: if factual issues exist respecting the court's jurisdiction, the preponderance standard applies. The equipoise rule applicable to VA, pursuant to section 5107(b), is in derogation of the general rule and must be construed to be inapplicable to this Court's determinations regarding the factual predicates to its jurisdiction.

Accordingly, we dismiss appellant's appeal for failure to file a timely NOA. *See*

*Elsevier v. Derwinski*, 1 Vet.App. 150 (1991).