William F. MORRIS, Appellant,

v.

Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.

No. 91–1207.

United States Court of Veterans Appeals.

Nov. 5, 1992.

William F. Morris, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS, and STEINBERG, Associate Judges.

PER CURIAM:

This motion presents the question whether Rule 35(b) of this Court's Rules of Practice and Procedure permits a motion for review by the Court en banc following denial of review by a three-judge panel of a single-judge decision upon the merits of an appeal to this Court. We hold that it does.

The relevant procedural facts can be stated briefly. On August 20, 1992, 3 Vet. App. 387, a single-judge memorandum decision summarily affirmed the May 6, 1991, decision of the Board of Veterans' Appeals (BVA) which denied the claims of appellant, William F. Morris, to service connection for a number of disorders. Within the time period specified by the applicable Rule, appellant filed a motion in the alternative for reconsideration by the single judge and for review by a panel of the Court in the event that the single judge did not grant reconsideration or, upon reconsideration, continued to affirm the BVA's denial of some or all of appellant's claims. *See* U.S.Vet. App.R. 35(a), (b). By order issued October 7, 1992, the single judge denied appellant's motion for reconsideration; by the same order, the three-judge panel denied his motion for review.

On October 13, 1992, appellant filed a motion for reconsideration by the three-judge panel or for en banc review by the Court in the event that the three-judge panel denied his motion for reconsideration. The Court has not requested any response to these successive motions from the Act-

ing Secretary of Veterans Affairs, *see* U.S.Vet.App.R. 35(c), whose predecessor filed various pleadings during the proceedings that led to the single-judge decision. By the accompanying order, the three-judge panel has denied appellant's motion for reconsideration. It is appellant's alternative motion for review en banc that raises the issue concerning the Court's Rule 35(b).

Rule 35(b) provides:

A party in a case decided by a single judge may move for review by a panel of the Court. A party in a case decided by a panel may move for review by the full Court. Such a motion must be made within 14 days after the date of the decision of which review is being requested. If such a motion is filed, no judgment will be entered until the motion is acted upon.

U.S.Vet.App.R. 35(b).

The question before the Court requires an interpretation of this Rule. The question is whether an order by a three-judge panel, denying a party's motion for review of a single-judge decision, is a panel decision of which review by the full Court may be requested. We hold that it is. Consideration by a three-judge panel of a motion for review, even where such consideration results in the Court's issuing an order denying review, makes the case one "decided by a panel of the Court" for the limited purpose set forth in Rule 35(b). Such action by a panel, however, does not make the single-judge decision—which led to the motion for review—a panel decision constituting binding precedent under *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). Rather, it leaves the single-judge decision as the controlling law of the particular case. *Id.* at 254.

Accordingly, we hold that, pursuant to Rule 35(b), appellant's timely motion for review en banc is properly before the Court

for disposition. As reflected in the accompanying order, the motion is denied.