**Thomas FARINA, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–1001.**

United States Court of Veterans Appeals.

Dec. 18, 1992.

Before FARLEY, HOLDAWAY and STEINBERG, Associate Judges.

FARLEY and HOLDAWAY, Associate Judges, join in the order; STEINBERG, Associate Judge, dissents.

**ORDER**

PER CURIAM.

On October 8, 1992, 3 Vet.App. 562, in a single-judge memorandum decision, the Court summarily affirmed the May 20, 1991, decision of the Board of Veterans' Appeals. On October 26, 1992, appellant filed a motion for review by a three-judge panel.

On consideration of appellant's motion for review, it is

ORDERED that the motion is denied.

STEINBERG, Associate Judge, dissenting:

I would grant panel review of the October 8, 1992, single-judge summary affirmance, because I find that, under *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990)

(establishing criteria for when single-judge disposition is appropriate), it reached a "reasonably debatable" result because it may conflict with this Court's precedents on two issues. *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992) (panel or single judge may not issue decision that "conflicts materially" with prior panel decision).

First, I believe that this Court's very recent decision in *Paller v. Principi,* 3 Vet.App. 535, 538 (1992), is highly pertinent to the question of whether new and material evidence was presented so as to require reopening the claim. In *Paller,* the Court held that a second treating physician's opinion which echoed a prior (4 years earlier) treating physician's opinion about the cause of a veteran's death was "corroborative" of the first opinion and, therefore, was "new and material". *Paller, supra.* In the instant case, the same could be said of Dr. Riccioli's 1989 opinion with reference to the very similar prior opinion (undated but submitted in 1986) of Dr. Cimillo, the prior treating physician. The 1989 opinion of Dr. Riccioli, the veteran's treating physician since 1987, was that, after having reviewed the medical files of appellant, he believed that "the present mental disability ... had its onset while he was in the military service and is definitely service connected". R. at 246. Dr. Cimillo's earlier opinion had been: "I strongly feel that this [psychiatric] condition began with depression and with suspiciousness and anxiety and tension while he was in the military service and was never treated." R. at 212.

Although the *Paller* holding might be distinguishable based on the facts of the instant case, I believe that the similarity of the facts here to those in *Paller* requires panel consideration.

Second, I believe it is also reasonably debatable whether this case should be remanded for adjudication of an inferred claim for non-service-connected pension under 38 U.S.C. § 1521(a) (formerly § 521). Under applicable Department of Veterans Affairs (VA) law and regulation, "a claim by a veteran for [VA] compensation may be considered to be a claim for [VA] pension".

38 C.F.R. § 3.151(a) (1991). In two cases, this Court, sua sponte, required the Board of Veterans' Appeals to consider the entitlement to VA pension of a war-time veteran who had applied for service-connected disability compensation. *See Ferraro v. Derwinski,* 1 Vet.App. 326, 333–34 (1991); *Pritchett v. Derwinski,* 2 Vet.App. 116, 122 (1992) (citing *Ferraro*). Although the appellant in *Ferraro* had specifically claimed individual unemployability for compensation purposes, the appellant in *Pritchett* had not. In the present case, the appellant specifically and repeatedly claimed that he "couldn't be gainfully employed in civilian life in 1968 to present." R. at 254, 334–63. Thus, again, a panel should consider whether this Court's precedents require remand for adjudication of pension entitlement.