**Harris GOLDMAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 94–820.

United States Court of Veterans Appeals.

March 26, 1996.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

## ORDER

PER CURIAM.

On October 20, 1995, the Court issued a memorandum decision vacating the decision of the Board of Veterans' Appeals and remanding the matter for further adjudication. On November 2, 1995, the appellant filed a motion for panel review. On consideration of the foregoing, the pleadings of the parties, and the record on appeal, it is by the panel

ORDERED that the appellant's motion for panel review is DENIED. In this case, the Secretary has confessed that he fell short in his duty to assist the appellant. He has, thus, asked for a remand in order to have the appellant examined to determine the verity of his asserted unemployability. With additional facts to be developed, it would be inappropriate for the Court to make the Secretary a prisoner to an undeveloped record. Since the motion to remand is in good faith and there is no evidence that resolution of this claim has been unreasonably delayed, 38 U.S.C. § 7261(a)(2) is not implicated. Under these circumstances, remand is the appropriate remedy. *Hicks v. Brown*, 8 Vet.App. 417, 422 (1995) (where the record is inadequate, remand, rather than reversal, is the appropriate remedy).

Although the Court's denial of the motion for review is a panel disposition, "it does not make the single-judge decision—which led to the motion for review—a panel decision constituting binding precedent under *Bethea v. Derwinski*, 2 Vet.App. 252 (1992)." *Morris v. Principi*, 3 Vet.App. 484, 485 (1992). The single-judge decision for which the appellant sought review is still the controlling law of this particular case.

STEINBERG, Judge, dissenting:

I vote for panel review for two reasons. First, I believe that the Board of Veterans' Appeals (BVA or Board) erred in disregarding the opinion of the certified rehabilitation counselor that the veteran was unemployable. The Board acted on the basis that the vocational rehabilitation specialist, a psychologist by training, was not trained in orthopedics or podiatry. The memorandum decision concluded that the vocational rehabilitation specialist "may not make a medical diagnosis", apparently because she "is a psychologist, not a medical doctor". *See Goldman v. Brown*, U.S. Vet.App. No. 94–820, at 7, 8 Vet.App. 497 (mem. dec. Oct. 20, 1995). Yet, this Court has not held that only physicians are competent to offer medical opinions—including opinions as to employability. *See Wilson (Harold) v. Brown*, 5 Vet.App. 103, 107 (1993) (Court remanded claim because BVA statement of reasons or bases was inadequate as to consideration of chiropractor's opinion on unemployability); *Williams (Willie) v. Brown*, 4 Vet.App. 270, 273 (1993) (holding that laws and regulations do not provide that examining psychiatrist's opinion is "inherently more persuasive" than opinion of psychologist or registered nurse therapist).

At a minimum, this question of competency to render an opinion on unemployability is a matter that is reasonably debatable and should be decided by a panel in a precedential opinion, rather than summarily by a single judge. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990) (summary disposition is appropriate where outcome of issues is controlled by Court's precedents and is "not reasonably debatable"); *see also Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (single-judge decisions are rendered only when

*Frankel* criteria for summary action are met). I do not see how the unemployability claim can be fairly readjudicated on remand without a precedential opinion of the Court on whether the Board can properly reject out of hand the vocational specialist's report regarding the veteran's asserted unemployability.

Second, the question of reversal of the Board's denial of unemployability is also reasonably debatable, given that there is considerable evidence that the veteran was unemployable (including the vocational specialist's report (R. at 304), the evidence of an award of disability benefits by the Social Security Administration (R. at 175), and a 1990 VA medical report stating that the veteran's condition was progressively getting worse (R. at 204)) and that there was no indication in the record that he was capable of more than marginal employment, *see Ferraro v. Derwinski,* 1 Vet.App. 326, 333 (1991). When all of the evidence of record supports a finding of unemployability, the fact that the Secretary has not previously ordered an examination to address that issue, despite the opportunity to do so, should not generally justify the Court's providing another "bite at the apple", *Dyess v. Derwinski,* 1 Vet.App. 448, 455 (1991), and denying a reversal. *See Beaty v. Brown,* 6 Vet.App. 532, 538–39 (1994) (because there was substantial evidence of unemployability and nothing in record to support Board's conclusion that appellant was employable, Court reversed and remanded with directions to assign a disability rating for unemployability, even though there was no unequivocal medical opinion that appellant was unemployable); *see also James v. Brown,* 7 Vet.App. 495, 497 (1995) (Court reversed BVA denial of unemployability because "there [was] no evidence to support the Board's conclusion" even though Secretary sought remand to fulfill duty to assist and provide adequate statement of reasons or bases); *Vettese v. Brown,* 7 Vet.App. 31, 35 (1994) (due to substantial evidence in support of, and "a lack of any evidence" against, appellant's claim, Court reversed BVA denial of unemployability). The BVA decision here came one month after the *Beaty* opinion. Under these circumstances, it is at least reasonably debatable that it was the Secretary's

obligation to adjudicate the case correctly and fully the first time around and that the Secretary should not be able to hide behind his own failure to comply with his own regulatory requirement that the Board remand to the RO when it finds that "further evidence" is needed (38 C.F.R. § 19.9 (1995)).

Finally, the majority asserts in the order that the record is "undeveloped" on the unemployability issue. That assertion is, at best, also reasonably debatable, but seems, now, to constitute the very panel disposition as to the appeal that the majority purports to be denying in rejecting the motion for panel review. In that sense, the order lends an appearance of compliance with *Frankel* and *Bethea,* both *supra,* on the unemployability issue without an explanation as to why the Court concludes that the record was undeveloped and that the Secretary has made his remand motion in "good faith" or why that should be a critical factor under our caselaw in denying reversal.

For the foregoing reasons, I respectfully dissent from the panel's denial of the motion for panel review.