﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190512-5439
DATE: October 31, 2019

ORDER

Dependency and indemnity compensation (DIC) based on service connection for the cause of the Veteran’s death is denied.

FINDING OF FACT

The weight of the competent and probative evidence is against finding that the Veteran’s cause of death had its onset during or is otherwise related to his period of active service.

CONCLUSION OF LAW

The criteria for entitlement to DIC based on service connection for the cause of the Veteran’s death have not been met. 38 U.S.C. §§ 1110, 1131, 1310, 5107(b); 38 C.F.R. §§ 3.102, 3.302, 3.303, 3.312.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served honorably in the U.S. Army during the Vietnam Era from April 1968 to April 1970. This matter comes before the Board of Veterans’ Appeals (“Board”) on direct review from a January 2019 rating decision. 

The Veteran died by suicide in January 1982. See Death Certificate received 8/13/2018. The Veteran was married to the appellant at the time of his death. 

See Marriage Certificate received 4/19/1974; 8/13/2018. The appellant submitted an Application for Dependency and Indemnity Compensation or Death Pension by a Surviving Spouse or Child (VA-21-534EZ) in August 2018. The appellant contended that the Veteran suffered from PTSD at the time of his death, and that his condition caused him to die by suicide. See Email Correspondence dated 5/12/2019; see also Appellate Brief received 9/10/2019. 

Service connection for cause of death is denied.

A surviving spouse of a qualifying veteran who died as a result of a service-connected disability is entitled to receive dependency and indemnity compensation. 38 U.S.C. § 1310; 38 C.F.R. § 3.312. The appellant is the Veteran’s surviving spouse. See Marriage Certificate received 4/19/1974; 8/13/2018; 

see also 38 U.S.C. § 103(2)(A). 

To warrant service connection for the cause of the Veteran’s death, the evidence must show that a service-connected disability was either a principal or a contributory cause of death. A disability will be considered the principal cause of death when such disability, singly or jointly with some other condition, was the immediate or underlying cause of death or was etiologically related thereto. 

A disability will be considered a contributory cause of death when it contributed substantially or materially to death, combined to cause death, or aided or lent assistance to the production of death. 38 U.S.C. § 1310; 38 C.F.R. § 3.312. 

A surviving spouse may also demonstrate that the disability that caused the Veteran’s death should have been service-connected. See 38 C.F.R. § 3.312. 

As a general matter, establishing service connection requires competent evidence of (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 C.F.R. § 3.303.

The appellant is competent to report symptoms and experiences observable by the senses, but not to diagnose the cause of symptoms or identify the cause of death, 

as this requires specialized medical training. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); 38 C.F.R. § 3.159(a).

In relevant part, 38 U.S.C. § 1154(a) requires that VA give “due consideration” 

to “all pertinent medical and lay evidence” in evaluating a claim for disability benefits. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 57-58 (1990).

The Board notes that the March 2019 notification letter regarding the decision on appeal states that the evidence shows that you remarried following the Veteran's death. As a result, the appellant is no entitled to death benefits because she could not be recognized as the surviving spouse of the Veteran. It cited evidence of a marriage license, received August 13, 2018. The Board reviewed the record and found a marriage license of this date, but it was to the Veteran. As such, the Board will proceed to the merits as the body of the rating decision attached to the March 2019 notification letter did.

Here, the Veteran was not service connected for any condition at the time of his death. Therefore, the appellant’s argument is that the Veteran should have been service connected for a disability, specifically PTSD. See Email Correspondence dated 5/12/2019; see also Appellate Brief received 9/10/2019. 

To establish that the Veteran should have been service connected, the first element is a current disability. Initially, the Board notes that a review of the service treatment records shows that upon induction and discharge from the US Army no mental condition was noted. See Service Treatment Record received 5/5/1970. 

The only evidence of the Veteran’s mental condition is the appellant’s own statement that she suffered from physical and mental abuse at the hands of the Veteran. Her correspondence is liberally read to presume that she believes the Veteran suffered from PTSD. See Email Correspondence dated 5/12/2019. However, the appellant is not competent to make that diagnosis as she is not a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Layno v. Brown, 6 Vet. App. 465 (1994) (holding that lay testimony is not competent to prove a matter requiring medical expertise); 38 C.F.R. § 3.159(a)(1). Therefore, her statement is not competent and given no probative weight as to the matter whether the Veteran suffering a mental condition.

The appellant’s representative states the Board should concede the Veteran’s mental disability under 38 C.F.R. § 3.302. However, as the representative noted the act of suicide is only considered to have resulted from mental unsoundness if no reasonably adequate motive for suicide existed as shown by the evidence. Id. Here, we have no evidence. According to the appellant, the Veteran saw a private doctor in the 1970s, but she was unable to provide any paperwork and states that the doctor is deceased. See Email Correspondence dated 5/12/2019. Therefore, 

the Board cannot make an inference that the Veteran suffered from PTSD or any mental condition based only on the appellants lay observations and the Veteran’s cause of death. Rather, the Board gives more probative weight to the service medical treatment records that show no mental condition during service nor diagnosis at induction or discharge from service. See Service Treatment Record received 5/5/1970. 

Even if, in arguendo, the Board was to concede that the Veteran had a current mental condition, there is no evidence of an in-service occurrence. Further, there is no evidence of medical nexus. See Campbell v. West, 1999 U.S. App. Vet. Claims LEXIS 1143 (holding that 38 C.F.R. § 3.302(b)(2) states that the act of suicide is evidence of mental unsoundness and that absent evidence of a reasonably adequate motive for suicide, the act will be considered to have resulted from mental unsoundness); see also Bethea v. Derwinski, 2 Vet. App. 252, 254 (1992) (stating that single judge decisions may be relied upon for any persuasiveness or reasoning they contain). However, section 3.302 does not replace the requirement for medical nexus evidence. See Elkins (Willie) v. Brown, 8 Vet. App. 391, 396-98 (1995). Instead, that section provides that suicide is evidence of mental unsoundness that may establish that the act was not willful misconduct. See id.

Although the Board is sympathetic to the appellant’s claim, the claim of entitlement to service connection for the cause of Veteran’s death must be denied. The preponderance of the evidence of record does not establish that the Veteran’s cause of death was related to his military service.

In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit of the doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Dixon, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.