# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 16-1221

BOBBY R. GEORGE, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 8, 2017                                Decided March 26, 2020)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Jessica K. Grunberg*, with whom *William A. Hudson, Jr.,* Acting General Counsel; *Mary Ann Flynn*, Chief Counsel; *Kenneth A. Walsh*, Deputy Chief Counsel; all of Washington, D.C., were on the brief for the appellee.

Before GREENBERG and ALLEN, *Judges*, and SCHOELEN, *Senior Judge*.[1]

ALLEN, *Judge,* filed the opinion of the Court. GREENBERG, *Judge*, filed a dissenting opinion.

ALLEN, *Judge*: This appeal requires us to address two independently challenging areas of the law: the application of 38 C.F.R. § 3.156(c) and motions to revise final decisions based on clear and unmistakable error (CUE) under 38 U.S.C. § 7111. As we explain, our resolution of the issue of claimed error under § 3.156(c) is largely dictated by the fact that we consider that issue through the prism of CUE, including the jurisdictional limitations associated with this rare type of error.

Appellant Bobby R. George appeals through counsel a December 15, 2015, Board of Veterans' Appeals decision that found no CUE in a September 2014 Board decision concerning the appropriate effective date for his service-connected post-traumatic stress disorder (PTSD).[2] This appeal has a long history.

---

[1] Judge Schoelen is a Senior Judge acting in recall status. *In re: Recall of Retired Judge*, U.S. VET. APP. MISC. ORDER 04-20 (Jan. 2, 2020).

[2] Record (R.) at 2-12.

After the Board issued its September 2014 decision, in August 2015 appellant filed before the Board a motion to revise the September 2014 Board decision based on CUE. In December 2015 the Board found no CUE in its 2014 decision, and appellant filed his Notice of Appeal before the Court on April 8, 2016. On February 5, 2018, after briefing and oral argument, the Court affirmed the December 2015 Board decision.[3] Appellant appealed to the United States Court of Appeals for the Federal Circuit, which vacated this Court's decision and remanded the matter on August 29, 2019.[4] The Federal Court directed this Court to determine whether appellant's allegation of CUE in the 2014 decision before the Court constitutes an allegation of CUE distinct from the allegations he made before the Board in his August 2015 motion, something that if true would deprive us of jurisdiction to consider any such newly raised assertion of CUE.[5] As we explain in detail below, the Court will dismiss this appeal as to three of appellant's CUE allegations, two of them because, although appellant raised them before the Board, he makes no arguments about them on appeal, and one because he did not present the issue to the Board in the first instance. With respect to the one assertion of CUE for which appellant presents an argument on appeal and over we have jurisdiction, we will affirm the Board's decision.

## I. FACTS AND PROCEDURAL HISTORY

Appellant served honorably in the United States Army from August 1967 to August 1969, including active duty service in the Republic of Vietnam.[6] In September 1997, he filed a claim for service connection for PTSD.[7] The Muskogee, Oklahoma, regional office (RO) denied his claim in February 1998, finding no confirmed diagnosis of PTSD and no in-service stressor.[8] Appellant did not appeal this decision, and it became final.

---

[3] *George v. Shulkin*, 29 Vet.App. 199 (2018).

[4] *George v. Wilkie*, 782 F. App'x 997 (Fed. Cir. 2019).

[5] *Id.* at 1000.

[6] R. at 971.

[7] R. at 1105.

[8] R. at 1087.

In September 2003, appellant sought to reopen his claim for service connection for PTSD.[9] In January 2004, the RO reopened appellant's claim but confirmed its previous denial.[10] Appellant appealed the denial in June 2004.[11] The Board confirmed the RO's reopening of the claim in December 2005 and remanded the matter for further development.[12] After a series of remands, VA obtained additional records related to appellant's Vietnam service, specifically service department records, which confirmed his claimed in-service stressor.[13]

Following a VA examination in which the examiner diagnosed appellant with PTSD, the RO granted service connection in October 2007, assigning an effective date of September 19, 2003, the date appellant requested reopening.[14] In doing so, the RO stated:

> You have reported stressful incidents of sustaining mortar and rocket attacks while stationed in Vietnam. Report from U.S. Army and Joint Service Record Research Center received 07-06-07 shows verification of rocket attacks in Lai Khe. Excerpt from Vietnam Order of Battle Book indicates the 1st Infantry Division HQ, your division, was stationed at Lai Khe during the time of verified attacks. This information in considered credible evidence which provides corroboration of your reported stressor. VA examination dated 08-03-07 shows a current diagnosis of [PTSD] related to the stressful incidents experienced during military service in Vietnam. Therefore, service connection for [PTSD] is warranted.[15]

In July 2008, appellant filed a Notice of Disagreement as to the assigned effective date, arguing that, under 38 C.F.R. § 3.156(c), VA was required to reconsider the RO's February 1998 denial.[16] In May 2011, the Board denied an earlier effective date, and appellant appealed to this Court.[17] In August 2012, the Court granted a joint motion for partial remand requiring the Board to consider the applicability of § 3.156(c) because it had erroneously held that the provision did not apply.[18] In February 2013, the Board remanded the claim to the RO to obtain a retrospective

---

[9] R. at 969.

[10] R. at 942.

[11] *See* R. at 802.

[12] R. at 795-97.

[13] R. at 703-08.

[14] R. at 683, 696.

[15] R. at 684.

[16] R. at 659-70.

[17] R. at 292-308.

[18] R. at 247-55.

medical opinion concerning when appellant's PTSD first manifested.[19] That opinion noted that (1) appellant began struggling with depression in 2003, and (2) the pre-2003 violence and alcohol abuse appellant reported could not be attributed to PTSD.[20] Thus, when asked for an opinion as to the onset of PTSD, the examiner pointed to the October 2003 diagnosis.[21]

In September 2014, the Board denied appellant's claim for an effective date before September 2003 for service connection for PTSD.[22] The Board noted that the date of claim could relate back to September 30, 1997, the date appellant filed his initial claim; however, because the April 2013 retrospective medical opinion found PTSD did not manifest until October 2003, the Board denied an effective date earlier than September 19, 2003.[23] Appellant did not appeal the 2014 decision, and it became final.

In August 2015, appellant filed a motion to revise the 2014 Board decision based on CUE.[24] To be sure, the motion concerned § 3.156(c), but it did so in a very precise way. Appellant asserted that the Board had misapplied 38 C.F.R. § 3.156(c) by making three specifically enumerated errors: The 2014 Board (1) imposed "an impermissible standard" for considering lay evidence in concluding that his statements were not probative; (2) "imposed an unreasonable requirement that the medical evidence specify an onset date of the PTSD" when applying § 3.156(c), and (3) required that evidence show the onset of PTSD with certainty.[25] This motion was filed by the same counsel who represented appellant in connection with the 2014 Board decision. And this same counsel represents appellant in this appeal.

In the 2015 decision on appeal, the Board determined that the 2014 Board decision did not contain CUE. The Board found that "[w]hile the Board [in 2014] did not use the exact terms as delineated in 38 C.F.R. § 3.156(c), it essentially found that the medical evidence did not adequately support a finding that [appellant's] PTSD had its onset prior to 2003."[26] The Board

---

[19] R. at 206-12.

[20] R. at 197.

[21] *Id.*

[22] R. at 84.

[23] R. at 71-74.

[24] R. at 24-31.

[25] *Id.*

[26] R. at 11.

found no error in the 2014 decision's finding that appellant was not competent to connect his pre-2003 psychiatric symptoms to his 2003 PTSD diagnosis.[27] This finding concerned appellant's first specific allegation of CUE from his August 2015 motion to revise.[28] With respect to appellant's remaining two arguments from his 2015 motion, the arguments regarding the onset of appellant's PTSD,[29] the Board found that appellant was essentially disagreeing with the 2014 Board's weighing of the evidence, an insufficient ground for constitute CUE.[30] Thus, the Board concluded that revision of its 2014 decision based on CUE was not warranted.[31] This appeal followed.

## II. LEGAL LANDSCAPE AND PARTIES' ARGUMENTS

### A. The Legal Landscape

When the Board renders a decision that is not appealed to the Court within the 120-day statutory period, generally that decision becomes final.[32] The finality of a Board decision may be overcome if that decision contains CUE.[33] "[CUE] is a very specific and rare kind of error . . . that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error."[34] To establish CUE, a claimant must show that (1) either the facts known at the time were not before the adjudicator or the law then in effect was incorrectly applied, (2) an error occurred based on the record and the law that existed at the time the decision was made, and (3) had the error not been made, the outcome would have been manifestly different.[35] Underscoring the high bar for establishing CUE, we have held that an error is "undebatable" when "reasonable minds could only conclude that the original decision was fatally flawed at the time it was made."[36] When reviewing

---

[27] R. at 9.

[28] *See* R. at 40.

[29] *See id.*

[30] R. at 10-11.

[31] R. at 11.

[32] 38 U.S.C. §§ 7252, 7266(a)(1).

[33] 38 U.S.C. §§ 5109A(a), 7111(a); *see DiCarlo v. Nicholson*, 20 Vet.App. 52, 56 (2006); 38 C.F.R. §§ 3.105(a), 20.1400-1411 (2019).

[34] 38 C.F.R. § 20.1403(a) (2019).

[35] *Grover v. West*, 12 Vet.App. 109, 112 (1999); *see also Simmons v. Wilkie*, 30 Vet.App. 267, 274 (2018); *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994); *Russell v. Principi*, 3 Vet.App. 310, 313-14 (1992) (en banc).

[36] *Andrews v. Principi*, 18 Vet.App. 177, 181 (2004) (quoting *Russell*, 3 Vet.App. at 313-14), *aff'd sub nom. Andrews*

a Board conclusion that there was no CUE in a final VA decision, "the Court cannot conduct a plenary review of the merits of the original decision."[37] Rather, the Court's overall review of a Board finding no CUE in a prior, final decision is limited to determining whether the Board's finding was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[38]

It is well settled that "each 'specific' assertion of CUE constitutes a [matter] that must be the subject of a decision by the [Board] before [this] Court can exercise jurisdiction over it."[39] Stated another way, when the Court reviews a Board decision regarding CUE, "[t]he necessary jurisdictional 'hook' for this Court to act is a decision of the [Board] on the specific issue of '[CUE].'"[40] If the "appellant raises a new theory of CUE for the first time before the Court, the Court must dismiss for lack of jurisdiction."[41] Appellant bears the burden of demonstrating that the Court has jurisdiction over an appeal.[42]

In terms of revisiting a prior, final decision, a claimant may also reopen such a decision by submitting new and material evidence.[43] The effective date for an award on a claim reopened on this basis is usually the date of receipt of the request to reopen or the date entitlement arose, whichever is later.[44] However, § 3.156(c) provides an exception to these rules. Subsection (c)(1) states, in relevant part:

> at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not

---

*v. Nicholson*, 421 F.3d 1278 (Fed. Cir. 2005).

[37] *Id.*; *see Archer v. Principi*, 3 Vet.App. 433, 437 (1992).

[38] 38 U.S.C. § 7261(a)(3)(A); *see Simmons,* 30 Vet.App. at 274-75.

[39] *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002).

[40] *Russell*, 3 Vet.App. at 315.

[41] *Acciola v. Peake*, 22 Vet.App. 320, 325 (2008) (citing *Sondel v. Brown*, 6 Vet.App. 218, 219-20 (1994)).

[42] *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 181 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992).

[43] 38 C.F.R. § 3.156(a). As part of the passage of the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), VA no longer reopens claims based on "new and material evidence." Pub. L. 115-55, 131 Stat. 1105 (Aug. 23, 2017). That language is derived from the pre-AMA version of the applicable regulation. *See* 38 C.F.R. §§ 3.156(a), 3.2400 (2019) (explaining that claims adjudicated before the AMA's effective date are "legacy appeals" to analyzed under VA's traditional process, and claims adjudicated after that date are to be adjudicated under a modernized appeal system); 84 Fed. Reg. 2449 (Feb. 7, 2019) (stating the effective date of the act is February 19, 2019). Instead, claimants can file supplemental claims based on "new and relevant evidence." 38 U.S.C. § 5108(a). Here, appellant's claim was adjudicated under the legacy appeals system, and thus, the "new and material evidence" standard applies.

[44] 38 U.S.C. §§ 5110(a); 38 C.F.R. § 3.400(b)(ii)(B)(2)(i), (r) (2019).

been associated with the claims file when VA first decided the claim, VA will reconsider the claim, notwithstanding paragraph (a) of this section.[45]

Subsection (c)(3) in turn states that, should an award be granted because of records obtained via subsection (c)(1), the award "is effective on the date entitlement arose or the date VA received the previously decided claim, whichever is later."[46]

The purpose of subsection (c) is "to place a veteran in the position he [or she] would have been had . . . VA considered the relevant service department record before the disposition of [the] earlier claim,"[47] the idea being that "a claimant should not be harmed by an administrative deficiency of the government."[48] As we discuss further below, there is, however, little caselaw articulating precisely what the reconsideration mandated under § 3.156(c)(1) requires.

## B. Parties' Arguments

Appellant argues that the Board erred in the 2015 decision on appeal when it determined that the 2014 Board decision did not contain CUE. He contends that, in the 2014 decision, the Board did not "reconsider" his PTSD claim with the new service department records under § 3.156(c)(1), but, instead, only reviewed the proper effective date under subsection (c)(3). According to appellant, the "finality of the VA's original [(1997)] denial has been undone" by the receipt of new service treatment records, and, because the RO never engaged in a full readjudication of the matter, the Board erred when it found no CUE.[49] He further contends that VA's action, which he referred to at oral argument as a "partial readjudication" on the issue of effective date only, did not put him in the position he would have been in had the relevant service department records been considered part of his original (1997) claim. Specifically, he suggests that a full readjudication would have triggered the duty to assist, requiring VA to develop his claims based on his lay testimony of certain in-service symptoms and to decide whether these symptoms showed a manifestation of PTSD before 2003.[50]

---

[45] 38 C.F.R. § 3.156(c) (2018).

[46] 38 C.F.R. § 3.156(c)(iii)(3).

[47] *Blubaugh v. McDonald*, 773 F.3d 1310, 1313 (Fed. Cir. 2014).

[48] New and Material Evidence, 70 Fed. Reg. 35,388, 35,389 (June 20, 2005) (proposed rule).

[49] Appellant's Brief (Br.) at 13.

[50] *Id*. at 1-13.

The Secretary responds that the 2014 Board did indeed reconsider appellant's claim, evidenced by its obtaining a retrospective medical opinion as to the exact date of his PTSD's onset. He also replies that, even if the Board's analysis in the 2014 decision under § 3.156(c) was incorrect, appellant points only to the *possibility* that the service records would have led to entitlement to service connection in 1997, not to an undisputed, outcome-determinative error satisfying the demanding CUE standard.[51]

In response to a January 6, 2020, Court order regarding this Court's jurisdiction over appellant's CUE assertions, appellant argues that the Court has jurisdiction to consider the CUE claims addressed in the Board's 2015 decision because the Federal Circuit's holding in *Andre v. Principi* does not apply. He asserts that rather than offering a new allegation of CUE, he was instead presenting "an averment of error made by the Board's December 15, 2015 decision,"[52] namely, that when it assessed his specific CUE allegations, the 2015 Board failed to properly understand how § 3.156(c) operates. He further argues that the 2014 Board decision reflects the same misunderstanding.

Conversely, the Secretary argues that this Court lacks jurisdiction over the CUE allegation appellant presented to the Court because "it is distinct from the CUE allegation that was presented to, and adjudicated by, the agency."[53] He notes the three specific allegations of error appellant made to the Board in his August 2015 CUE motion and contends that appellant did not raise them in his briefing to the Court. Instead, the Secretary asserts that for the first time before the Court appellant argued that the 2014 Board failed to properly reconsider his claim under § 3.156(c), a CUE assertion distinct from the three specific assertions appellant made before the Board. Thus, the Secretary argues, appellant is precluded from raising this matter for the first time on appeal to the Court.

## III. ANALYSIS

In accordance with the Federal Circuit's remand instructions, we will consider each of appellant's CUE allegations to determine our jurisdiction. We start first with the three CUE assertions appellant specifically raised before the Board in his August 6, 2015, CUE motion. We

---

[51] Secretary's Br. at 13-15.

[52] Appellant's Response at 5.

[53] Secretary's Response at 1.

find that appellant abandoned an appeal as to two of these specific CUE allegations and affirm the Board's decision as to the third. We then turn to appellant's assertion that the Board failed to properly apply § 3.156(c) in both the 2014 and 2015 Board decisions because VA did not, in fact, reconsider his claim when relevant service department records were associated with his claims file. As to this matter, we hold that we do not have jurisdiction over his assertion that the 2014 Board decision contained CUE based on the 2014 Board's improper application of § 3.156(c) because he did not raise this matter in his August 2015 CUE motion. However, we do have jurisdiction over this assertion to the extent appellant argues that, when assessing his three specific CUE allegations, the 2015 Board misunderstood how § 3.156(c) operates. However, we conclude the Board did not err in its understanding of § 3.156(c) and will affirm the portions of the Board's 2015 decision properly before us.

A. Three Specific CUE Assertions Made to the Board in Appellant's August 2015 Motion

In his August 2015 motion to revise the 2014 Board decision, appellant identified three specific errors in the 2014 Board decision that he claims constituted CUE: one related to the Board's handling of his lay assertions and two related to how the Board determined the onset date of his PTSD.[54] All these asserted errors were connected to the reconsideration of his service-connection claim under § 3.156(c), but in this context they were very specific errors.[55] With respect to the two arguments related to the onset date of PTSD, appellant does not make any argument on appeal to the Court about the 2015 Board's discussion of these matters. The law is clear that failure to do so means that appellant has abandoned any arguments about these assertions.[56] Therefore, we will dismiss an appeal as to them.

As to his assertion that the 2014 Board committed CUE in assessing his lay statements, appellant made essentially the same argument before the Board as he does to the Court.[57] In his August 2015 CUE motion before the Board, he argued that the 2014 Board decision "imposed an impermissible standard for its consideration of [appellant's] lay evidence when it concluded that his statements were not probative."[58] He argued that it was error for the 2014 Board to require

---

[54] R. at 39-40.

[55] *Id.*

[56] *See Pederson v. McDonald*, 27 Vet.App. 276, 285 (2015) (en banc).

[57] *See Andre*, 301 F.3d at 1361.

[58] R. at 40.

contemporaneous medical evidence to support his lay assertions of symptoms, which he is competent to report.[59] Similarly, in his opening brief to the Court, appellant argues that his lay statements about symptoms of PTSD experienced prior to a diagnosis constitute "lay testimony describing symptoms at the time [that] supports a later diagnosis by a medical professional"[60] that triggered VA's duty to assist. Thus, he argues, the 2014 Board should have considered whether his lay statements were of the type competent to establish etiology, and that such a determination required a medical examination. The Court has jurisdiction to review this matter because the argument appellant now makes before the Court about his lay statements is the same argument he made to the Board.[61]

We hold, however, that the Board's finding of no CUE in the 2014 Board decision concerning appellant's lay statements was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. The 2015 Board found that when the 2014 Board deemed appellant not competent to connect his psychiatric symptoms to his PTSD, the 2014 Board properly applied the law concerning both the evaluation of lay evidence and the principles of CUE.[62] The 2015 Board also found that appellant's CUE assertion amounted to no more than a disagreement with how the Board weighed his lay statements, an insufficient basis for a finding of CUE.[63] The Court agrees with the Board that in alleging CUE appellant simply disagreed with how the 2014 Board weighed his lay assertions, and so he insufficiently alleged CUE.[64] Thus, the Board's decision is not arbitrary, as it includes a rational connection between the facts found and conclusions drawn.

Additionally, although appellant argues that the 2014 decision's treatment of his lay assertions constituted CUE because those statements should have triggered VA's duty to assist by obtaining a VA examination, the Court notes that a duty-to-assist error is not sufficient to constitute CUE.[65] Furthermore, the 2014 decision relied on an April 2013 retrospective VA opinion obtained

---

[59] *Id.*

[60] Appellant's Br. at 11 (quoting *Young v. McDonald*, 766 F.3d 1348, 1353 (Fed. Cir. 2014)).

[61] *See, e.g.*, *Andrews,* 421 F.3d at 1282-83; *Andre*, 301 F.3d at 1361-62; *Acciola*, 22 Vet.App. at 324-25; *Russell*, 3 Vet.App. at 315.

[62] R. at 9.

[63] R. at 10.

[64] *See Russell*, 3 Vet.App. at 315.

[65] 38 C.F.R. § 20.1403(d)(2) (2013); *see Cook v. Principi*, 318 F.3d 1334, 1344 (Fed. Cir. 2002) (en banc); *Caffrey v.*

as part of the development and reconsideration of his PTSD claim. Thus, the Board did seek a medical opinion that considered appellant's lay statements.

In sum, the Court concludes that appellant has not carried his burden of demonstrating that the 2015 Board's denial of his motion to revise the 2014 Board decision on this basis of CUE as it concerns assessing his lay statements was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.[66] Accordingly, we will affirm the Board's decision on this matter.

B. Appellant's Assertion of Error Concerning Reconsideration Generally Under § 3.156(c)

We now turn to appellant's broader argument about the scope and nature of reconsideration under § 3.156(c). One can view this argument two ways, and this seemingly abstract issue turns out to have significant jurisdictional implications. First, it is possible to read appellant's argument about § 3.156(c) and reconsideration generally as focused on the 2015 Board decision. In this view, appellant essentially argues that the 2015 Board misunderstood how § 3.156(c) operates and, therefore, he calls into question the 2015 Board's assessment of whether the 2014 Board decision contained CUE. Second, one can view appellant's argument as alleging that the 2014 Board decision contained CUE because it misapplied § 3.156(c) in terms of what type of reconsideration was necessary. As we explain, we lack jurisdiction over this second argument. However, we possess jurisdiction to consider the first version of appellant's argument, but we reject it on the merits. We address each argument in turn, beginning with what the 2015 Board did.

*1. Reconsideration and the 2015 Board Decision*

To the extent appellant argues that the 2015 Board misapplied § 3.156(c) in assessing whether there was CUE in the 2014 decision, the Court has jurisdiction to consider this argument. Although, as noted above, we lack jurisdiction over CUE allegations not advanced below and our review of the Board's ultimate finding of no CUE is deferential, if the 2015 Board made its CUE determination based on a misunderstanding of the law, the Board's decision is flawed. Appellant argues that the Board in its 2015 decision misunderstood the law because the Board considered only whether there was an error as to an effective date as opposed to the adjudication of the claim itself through reconsideration. And because all appellant's specific CUE allegations are related to § 3.156(c) more generally, such a Board error infects its decision. We review this question of law

---

*Brown*, 6 Vet.App. 377, 384 (1994).

[66] *See* 38 U.S.C. § 7261(a)(3).

de novo.[67] We agree with appellant that we have the authority to address this argument, but we do not agree the Board committed legal error in this respect.

It is clear that to assess appellant's assertion that the 2014 decision contained CUE, the 2015 Board correctly applied the basic legal principles set out in § 3.156(c). The Board explained that this regulation has subparts concerning both what VA must do substantively when it receives new service department records—that is, VA must reconsider the claim—as well as the potential effect of receiving such records on the appropriate effective date.[68]

Although sparse, the caselaw in this area provides a useful lens through which to assess the Board's 2015 decision. The Federal Circuit in *Blubaugh* noted that subsection (c)(1) "is a separate and distinct provision from subsections (c)(3) and (c)(4)" and that "[t]he language and overall structure of § 3.156(c)(1) strongly suggest that § 3.156(c)(1) requires the VA to reconsider only the merits of a veteran's claim" when service records are associated with the veteran's claims file, before the Agency considers whether an earlier effective date is warranted under subsections (c)(3) and (c)(4).[69]

This Court has similarly described the operation of § 3.156(c). In *Vigil v. Peake*, the Court noted that, when service department records are received after a claim is denied,

> the claimant is entitled to a retroactive evaluation of the disability to assess the proper effective date which would be the date of the original claim or the date entitlement otherwise arose, whichever is later. In this sense, the original claim is not just reopened, it is reconsidered and serves as the date of the claim and the earliest date for which benefits may be granted.[70]

What is less clear under existing law is precisely what constitutes "reconsideration" under § 3.156(c)(1). *Vigil* offers the best guidance on that point, holding that "reconsideration" requires "the development of evidence regarding when Mr. Vigil first suffered PTSD."[71] Thus, we know without question that § 3.156(c) speaks to more than effective date; it also speaks to development of the claim in at least some respect.

---

[67] *See* 38 U.S.C. § 7261(a)(1); *Butts v. Brown*, 5 Vet.App. 532, 539 (1993) (en banc).

[68] R. at 5-6.

[69] *Blubaugh*, 773 F.3d at 1314.

[70] 22 Vet.App. 63, 66-67 (2008).

[71] *Id.* at 67.

Turning to the present case, and applying *Blubaugh* and *Vigil*, upon receiving official service department records in 2007, VA had a duty to "reconsider" appellant's 1997 claim for service connection for PTSD, even though service connection for PTSD was granted in 2007 with an effective date of 2003. Thus, VA was required to reassess its 1998 decision in light of the new service records. Exactly what would satisfy the required "reconsideration" is a gray area under existing law. We must decide whether the Board in the 2015 decision used the principles articulated in *Blubaugh* and *Vigil* to assess whether CUE was present in the 2014 decision.

We hold that the Board in its 2015 decision applied the correct legal principles under § 3.156(c) when it reviewed the 2014 decision concerning the three specific allegations of CUE appellant advanced in his August 2015 motion to revise the 2014 Board decision. The 2015 Board specifically explained that, given the receipt of service department records not previously associated with the claim, § 3.156(c) was applicable and reconsideration needed.[72] And the 2015 Board noted that the earliest entitlement to benefits would be based on the original 1997 claim.[73] Appellant argues that, when discussing an effective date, the Board skipped past § 3.156(c)(1), which demands reconsideration of the original claim, and went straight to § 3.156(c)(3), which deals with the effective date of a claim granted via reconsideration. If the Board had acted as appellant suggests, it did not understand the relevant legal framework, which could cast doubt on its assessment of the specific CUE allegations before it. However, it is clear that the 2015 Board did not fall victim to this mistake. The 2015 Board addressed at length the various steps taken after VA received the service department records, namely obtaining a retrospective medical examination in April 2013 and considering other evidence such as Social Security Administration records and lay statements.[74] This type of discussion makes sense only in the context of reconsidering a claim, suggesting that the Board understood how § 3.156(c) operates.

Similarly, after acknowledging that § 3.156(c) applied, the 2015 Board explicitly stated that "it was necessary for the Board [in 2014] to determine when [appellant's] entitlement to service connection for PTSD arose."[75] This statement supports the notion that the Board found reconsideration had occurred. If, in 2014, the Board was not reconsidering the claim pursuant to

---

[72] R. at 5.

[73] R. at 7.

[74] R. at 7-8.

[75] R. at 7.

§ 3.156(c)(1), then it had no need to reexamine the onset of PTSD, which had already been established. Moreover, this action accords with what the Court suggested in *Vigil*, namely that a claimant is entitled to a "retroactive evaluation of the disability" and "the development of evidence regarding" the initial onset of the disability at issue.[76] Therefore, the evidence, taken as a whole,[77] shows that when assessing the 2014 decision, the 2015 Board properly understood and considered the provisions of § 3.156(c).

### 2. Reconsideration and the 2014 Board Decision

But as we noted above, there is another way to view appellant's arguments before us concerning § 3.156(c). It is possible to read appellant's briefs to suggest that he argues that the 2014 Board decision contains CUE because it misapplied § 3.156(c) and did not properly reconsider his claim. Seen in this way, the argument is a non-starter. The Court holds that we lack jurisdiction over this CUE assertion because appellant did not raise it before the Board.[78] As discussed above, appellant raised three specific assertions of CUE based on the 2014 Board decision's application of § 3.156(c). His August 2015 motion to revise the 2014 Board decision did not raise an issue concerning the general concept of what constitutes reconsideration.[79] In other words, to the extent appellant argues before the Court that the 2014 Board did not properly conduct the "reconsideration" that § 3.156(c)(1) requires, we lack jurisdiction to address that argument.

A CUE "claimant must provide some degree of specificity as to what the alleged error is."[80] We recognize that "an appellant can flesh out and rephrase his argument" when appealing an adverse CUE determination, and that the "some degree of specificity" requirement "is broad enough to allow an appellant to rephrase and provide additional argument and support for the same basic CUE argument."[81] However, an entirely different argument is prohibited.[82]

Here, appellant's assertion that the 2014 Board misapplied reconsideration generally under § 3.156(c) is not captured by the three specific CUE assertions he made before the Board in his

---

[76] 22 Vet.App. at 66-67.

[77] *See Janssen v. Principi*, 15 Vet.App. 370, 379 (2001) (per curiam).

[78] *Acciola*, 22 Vet.App. at 325.

[79] R. at 39-40.

[80] *See Livesay v. Principi*, 15 Vet.App. 165, 174 (2001) (en banc).

[81] *Jordan v. Principi*, 17 Vet.App. 261, 271 (2003) (citations omitted).

[82] *Andre*, 301 F.3d at 1361.

August 2015 motion to revise. To the extent he argues that his argument before the Court is a more general assertion of those made before the Board, the Court rejects this notion. Allowing an appellant to broaden his or her CUE assertion before the Court to encompass a general challenge to the application of a particular regulation—here the application of § 3.156(c)—when he alleged only specific errors concerning the application of that regulation, would render the specificity requirement of a CUE motion essentially meaningless.[83] This is especially true in this matter, where appellant has been represented by the same counsel throughout this appeal, including when the August 2015 CUE motion was made to the Board.

In sum, because appellant's argument about reconsideration generally under § 3.156(c) differs entirely from the three assertions of CUE he raised before the Board, we lack jurisdiction to address the argument that the 2014 Board decision contains CUE based on a general failure to reconsider his claim under § 3.156(c)(1). Therefore, we must dismiss the appeal to the extent appellant has raised this argument.

## IV. CONCLUSION

After consideration of the parties' briefs and oral arguments, the record on appeal, and the governing law, we AFFIRM the Board's December 15, 2015, decision to the extent it found no CUE in the September 2014 Board decision based on the assertion that the 2014 Board "imposed an impermissible standard for its consideration of [appellant's] lay evidence." We otherwise DISMISS this appeal.

GREENBERG, *Judge,* dissenting: I again dissent simply because the factual circumstances of this case warrant a more equitable result. The appellant was originally denied service connection based on an examiner's opinion that the appellant did not have a specific event to attach a diagnosis of PTSD. However, relevant records in the Government's possession were not associated with the claims file at the time of that examination. I believe that the examiner's opinion would have been different if he had reviewed the records that eventually led to the grant of service connection. The complicated procedural requirements to disturb the finality of VA decisions has gotten in the way of compensating this worthy veteran. For this reason, I dissent.

---

[83] The Court leaves for another day the question whether a claimant can raise a more general assertion of CUE before the Board and then make such assertion more specific before the Court.