﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190419-10937
DATE: April 30, 2020

ORDER

Entitlement to service connection for bilateral hearing loss is granted.

FINDING OF FACT

The Veteran’s bilateral hearing loss had its onset in service.

CONCLUSION OF LAW

The criteria for service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1110, 1131, 1154(a), 5107; 38 C.F.R. §§ 3.102, 3.303(b), 3.309(a), 3.385.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1962 to June 1965, with additional Reserve service.

He appealed a February 2019 rating decision of a Regional Office of the Department of Veterans Affairs (VA) to the Board of Veterans’ Appeals (Board) on a VA Form 10182, Decision Review Request: Board Appeal, in April 2019, and requested a hearing with a Veterans Law Judge. In October 2019, the Veteran testified at a videoconference hearing before the undersigned. Based upon the Veteran’s selection of the Board Hearing review option, the Board may consider: (1) evidence in the record at the time of the February 2019 rating decision; (2) evidence submitted by the Veteran or his representative at the hearing, including testimony; and (3) evidence submitted by the Veteran or his representative within the 90-day period following the Board hearing. 38 C.F.R. § 20.302(a).

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c).

Service connection will be granted if the evidence demonstrates that a current disability resulted from a disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection generally requires competent evidence showing three things: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the present disability and the claimed in-service disease or injury. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009). The option of establishing service connection through a demonstration of continuity of symptomatology is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Here, the Veteran has a current diagnosis of sensorineural bilateral hearing loss for VA purposes. See February 2019 Disability Benefits Questionnaire (DBQ); 38 C.F.R. § 3.385. Thus, the first element of service connection is established. 

Regarding the second element of service connection, the Veteran’s service records show that his military occupational specialty was a Special Services Officer and that he completed infantry school. See Certificate of Release or Discharge From Active Duty; see also Service Personnel Records; see also October 2019 Tr. at 2. At the Veteran’s October 2019 Board hearing, he credibly testified that he controlled testing in marksmanship. See October 2019 Tr. at 3. The Board concedes in-service acoustic trauma, as such consistent with the circumstances of his service. See 38 U.S.C. § 1154(a). Therefore, element two of service connection is also established.

Regarding the final element of service connection, or nexus, the Board initially finds that the February 2019 VA audiologist’s opinion against the claim is inadequate. Critically, the Veteran’s in-service audiograms included no findings recorded at 3000 hertz at entrance and separation; without this information, the February 2019 VA examiner’s conclusion that the Veteran did not have hearing loss at separation is inadequate and of no probative value. See 38 C.F.R. § 3.385; see also Highfill v. Wilkie, No. 17-3775, 2019 U.S. App. Vet. Claims LEXIS 273, *5-*6 (Feb. 25, 2019) (holding in a non-precedential decision that where a separation audiogram does not include a veteran’s hearing threshold at 3000 Hz, that audiogram does not establish the absence of a hearing loss disability at separation); see also Bethea v. Derwinski, 2 Vet. App. 252 (1992) (finding that single-judge memorandum decisions may be cited or relied upon for any persuasiveness or reasoning they contain).

Moreover, at the February 2019 VA examination, the examiner recorded Veteran’s history of noise exposure, which includes a lack of noise trauma before and after service and in-service noise trauma without hearing protection, which is also corroborated by the October 2019 Board hearing testimony. See also October 2019 Tr. at 6, 7. Furthermore, sensorineural hearing loss is an organic disease of the nervous system, and therefore is considered a chronic disease under C.F.R. § 3.309(a). See Fountain v. McDonald, 27 Vet. App. 258, 271 (2015); Dorland’s Illustrated Medical Dictionary 1718 (31st ed. 2007) (defining “sensorineural” as “of or pertaining to a sensory nerve”). Accordingly, 38 C.F.R. § 3.303(b) is for consideration in establishing nexus, which states:

With chronic disease shown as such in service (or within the presumptive period under §3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. . . . When the disease identity is established (leprosy, tuberculosis, multiple sclerosis, etc.), there is no requirement of evidentiary showing of continuity. Continuity of symptomatology is required only where the condition noted during service (or in the presumptive period) is not, in fact, shown to be chronic or where the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim.

Here, as noted above, the Board is unable to determine whether the Veteran evidenced hearing loss for VA purposes in service, given the lack of complete audiograms. Therefore, to establish service connection, a showing continuity of hearing loss symptoms since service discharge is required. In this case, at his February 2019 Board hearing, his spouse competently and credibly testified that she noticed that the Veteran had hearing problems when they first met in February 1965, and that his hearing loss has continuously progressed from service separation to the present. See Hearing Transcript at 6, 9. Her probative testimony establishes a nexus based on a continuity of symptomatology. Thus, the final element of service connection is satisfied, and the benefit sought on appeal is granted.

 

 

S. BUSH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Ramirez, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.