# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 15-1594

ROBERT V. CHISHOLM, PETITIONER,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before HAGEL, *Chief Judge*, and KASOLD and DAVIS, *Judge*s.

## O R D E R

On April 27, 2015, attorney Robert V. Chisholm filed a petition for extraordinary relief in the nature of a writ of mandamus. He asks the Court to compel the Secretary "to grant access for paralegals under [his] supervision to the Veterans Benefits Administration's automated claims records system pursuant to 38 C.F.R. § 14.629 (2014) ('Requirements for accreditation of service organization representatives; agents; and attorneys')."[1]  Petition at 2; *see* 38 C.F.R. § 14.629, Note (2016) ("A legal intern, law student, paralegal, or veterans service organization support-staff person, working under the supervision of an individual designated under § 14.631(a) as the claimant's representative, attorney, or agent, may qualify for read-only access to pertinent Veterans Benefits Administration automated claims records as described in §§ 1.600 through 1.603 in part 1 of this chapter."). The Secretary has not provided such access, citing privacy concerns and technological infeasibility.[2]  In the alternative, Mr. Chisholm asks the Court to compel the Secretary "to issue a

---

[1] VA regulations permit access to accredited attorneys or organizations, but state that a person or person representing an organization "will use only his or her assigned password to obtain access," cannot "reveal his or her password to anyone else, or allow anyone else to use his or her password," and "will access only the [Veterans Benefits Administration's] automated claims record of VA claimants who are represented by the person obtaining access." 38 C.F.R. § 1.602(a)(2)-(4) (2016).

[2] VA's Deputy General Counsel explained that "'use of an attorney's code would allow an employee to access the records of all claimants whom the attorney represents, which would violate the Privacy Act if all clients did not assent to disclosure of their records to the employee.'" Secretary's Sept. 25, 2015, Response at 3 (quoting Sept. 18, 2015, letter from VA Deputy General Counsel to petitioner). The VA Deputy General Counsel explained further that under 38 C.F.R. § 14.629(c)(3), for a paralegal to assist in the preparation, presentation, or prosecution of a claim, "the claimant's written consent" must be provided to VA, and "[s]uch consent must specifically state that participation in all aspects of that claim by a . . . paralegal furnishing written authorization from the attorney of record is authorized." *Id*. Incongruously, the Secretary stated at oral argument that an accredited attorney could conceivably obtain records from the Veterans Benefits Administration's automated claims records systems, and then provide those records to his or her support staff. *See* Oral Argument at 52:40-53:40, *Chisholm v. McDonald*, U.S. Vet. App. No. 15-1594 (oral argument held Mar. 2, 2016), http://www.uscourts.cavc.gov/oral_arguments_audio.php.

decision on [Mr. Chisholm's] request for access by his paralegals, such that he may pursue an appeal," if his request is denied; but he admits that he does not know who within VA would issue such a decision. *Id.*

Before addressing the relief requested in the petition, the Court must satisfy itself that it possesses jurisdiction to act in this case. As an initial matter, the Court notes that, "unless Congress *explicitly* prohibits it, there is a strong presumption in favor of judicial review." *Freeman v. Shinseki*, 24 Vet.App. 404, 415 (2011). The rationale is clear, particularly in the context of veterans benefits cases:

> "No matter how dedicated and how competent administrators may be, the possibility of error is always present, especially in nonadversary proceedings. For that reason the Court normally assumes that Congress intended agency action to be subject to judicial review unless the contrary intent is expressed in clear and unambiguous language."

*Id.* at 414-15 (quoting *Park 'N Fly, v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 212-13 (1985) (Stephens, J., dissenting)).

Here, Congress has not limited the Court's jurisdiction. Rather, the Court has jurisdiction over decisions of the Board of Veterans' Appeals (Board), 38 U.S.C. § 7252, and the Board has jurisdiction to review "decisions by the Secretary under a law that affects the provision of benefits," *see* 38 U.S.C. §§ 511, 7104(a). The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has determined that section 5904 is a law that affects the provision of benefits. *See Bates v. Nicholson*, 398 F.3d 1355, 1362 (Fed. Cir. 2005). The action of authorizing or denying access to electronic records for counsel seeking benefits on behalf of clients, and for staff assisting such counsel, is taken pursuant to regulation 38 C.F.R. § 14.629 that was promulgated pursuant to 38 U.S.C. §§ 501(a) and 5904. Thus, the denial of access by the Secretary would be subject to review by the Board, and, consequently, the refusal to issue a Statement of the Case (SOC) would be grounds for issuing a writ in aid of our jurisdiction. *See* 28 U.S.C. § 1651(a); 38 U.S.C. §§ 7252, 7261(a); *Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998); *see also* 38 U.S.C. § 7105(d)(1) (requiring the Secretary to prepare an SOC in response to a Notice of Disagreement (NOD) filed by the claimant that is unresolved); *Woznick v. Nicholson*, 19 Vet.App. 198, 201-02 (2005) (directing the Secretary to issue an SOC in response to the claimant's NOD). Consequently, the Court is satisfied that it has jurisdiction in the matter and may address the merits of the petition.

---

The same is not true for a veterans service organization. When a claimant signs a VA Form 21-22, he or she authorizes the Secretary to release the claimant's records to the appointed veterans service organization. Thus, there is no requirement to name individual support staff within the veterans service organization because the claimant's consent releases information to the organization as a whole. At oral argument, the Secretary stated that, under the current regulatory framework, every employee of a veteran service organization, to include a hypothetical bar tender at a Veterans of Foreign Wars' post, could have access to the Veterans Benefits Administration's automated claims records system. *See id.* at 1:11:46-1:15:40.

2

The Court has the authority to issue extraordinary writs in aid of its prospective jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976); *see also Youngman v. Peake*, 22 Vet.App. 152, 154 (2008); *Constanza v. West*, 12 Vet.App. 133, 134 (1999) (holding that a petitioner seeking a writ of mandamus based on delay must demonstrate an extraordinary delay equivalent to a refusal to act). Three conditions must be satisfied before the Court issues a writ of mandamus: (1) The petitioner must lack adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for an appeal; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004) (citing *Kerr*, 426 U.S. at 403); *see also Youngman*, 22 Vet.App. at 154.

Although the VA Deputy General Counsel for legal policy has issued a statement outlining the basis for withholding access, the parties have informed the Court that the Secretary has yet to issue an official decision on the matter, and has apparently refused to do so. The denial of a "decision[] by the Secretary under a law that affects the provision of benefits," *see* 38 U.S.C. § 511, frustrates judicial review. *See Cheney*, *supra*. Accordingly, because decisions regarding access to claims files are rendered pursuant to a law affecting the provision veterans' benefits, Mr. Chisholm is entitled to a writ and the Secretary will be directed to issue the requested decision, which may be appealed to the Board and ultimately the Court. *See* 38 U.S.C. §§ 511, 7104(a), 7252, 7261(a).

Because Mr. Chisholm is entitled to a writ as noted above, he fails at this time to demonstrate that he lacks alternative means to attain the relief desired and, therefore, Mr. Chisholm is not entitled to a writ directing the Secretary to grant his paralegal staff remote access to electronic records. *See Cheney*, *supra*.[3]

On consideration of the foregoing, it is

ORDERED that the April 27, 2015, petition is GRANTED IN PART, and the Secretary is directed to issue a decision on Mr. Chisholm's request to permit his support paralegal staff remote access to claims records.

DATED: September 30, 2016                                     PER CURIAM.

---

[3] The Court understands that the Secretary's decision may be affected by potential changes to 38 C.F.R. § 14.629, as reflected in a May 9, 2016, notification from the VA Office of the General Counsel to the Court that VA had accepted Mr. Chisholm's October 28, 2015, letter "'as a petition for rulemaking under 5 U.S.C. § 553(e), to revise 38 C.F.R. § 14.629 in a manner that would allow the Secretary to provide electronic access to law firm support staff and would remove the requirements for specific named consent to allow such disclosures.'" Secretary's May 9, 2016, Notice (quoting May 9, 2016, letter to the petitioner from VA Deputy General Counsel for Legal Policy). Those changes, however, will not relieve the Secretary of his obligation to provide a decision on Mr. Chisholm's request, whether under the current rules or subsequently amended rules.