# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 23-2587

GERALD A. LECHLITER, PETITIONER,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before MEREDITH, FALVEY, and LAURER, *Judges*.

## O R D E R

On May 1, 2023, the then-pro se petitioner, Gerald A. Lechliter, filed a petition in which he asked the Court to order VA to show cause, pursuant to 28 U.S.C. § 1651(b), why its policy of precluding self-represented claimants from having remote, read-only access to the Veterans Benefits Management System (VBMS)[1] and other VA information technology (IT) systems is not invalid. Petition (Pet.) at 1-15. He requests that, if VA is unable to do so, the Court set aside that policy.[2] Pet. at 14.[3] After VA responded to the petition, the matter was submitted to a panel to consider in part whether the Court has jurisdiction to address the manner in which VA provides access to claims-related documents and, if so, what type of relief the Court has authority to provide.[4] The petitioner thereafter obtained counsel, the Court ordered the parties to file supplemental memoranda of law, and the Court held oral argument.

During that argument, counsel for the petitioner clarified that the petitioner is seeking only a writ pursuant to 28 U.S.C. § 1651(a) compelling VA to issue an appealable decision in response to his request for remote, read-only VBMS access. Oral Argument (OA) at 3:57-5:13, 6:59-7:24, http://www.uscourts.cavc.gov/documents/Lechliter.MP3. Thus, all issues other than the request

---

[1] "VBMS is the well-established, automated, fully electronic, Web-based claims processing system serving as the cornerstone of [the Veterans Benefits Administration's (VBA's)] successful transition to paperless claims processing." 84 Fed. Reg. 4138, 4138 (Feb. 14, 2019).

[2] What the petitioner refers to as a policy is encompassed in 38 C.F.R. §§ 1.600 through 1.603, which established procedures for providing certain accredited representatives and their support staff with access to VA systems, including VBMS, effective July 25, 2022. 87 Fed. Reg. 37,744 (June 24, 2022) (codified at 38 C.F.R. pts. 1, 14). "Accreditation means the authority granted by VA to representatives, agents, and attorneys to assist claimants in the preparation, presentation, and prosecution of claims for VA benefits." 38 C.F.R. § 14.627(a) (2023).

[3] References to the page numbers of the petition refer to the page numbers as they appear in the scroll bar of the Portable Document Format.

[4] Specifically, the panel sought supplemental briefing as to whether VA's policy regarding the manner in which the Agency provides access to records is an unreviewable Privacy Act matter solely within VA's discretion; if the matter of VBMS access falls generally within the Court's jurisdiction, whether the Court may direct VA to issue a decision justifying its policy, require VA to issue a decision in response to the petitioner's request for remote access, or determine for ourselves whether VA's policy is invalid; and whether the Court has authority to issue a show cause order pursuant to 28 U.S.C. § 1651(b). *Lechliter v. McDonough*, U.S. Vet. App. No. 23-2587 (Sept. 19, 2023) (unpublished order). Given the outcome outlined below, the Court need not resolve these questions today.

for an appealable decision are deemed abandoned, including the petitioner's May 30, 2023, motion to construe his petition as seeking relief under 28 U.S.C. § 1651(b) rather than section 1651(a). The Court will not further address the abandoned matters and will dismiss as moot the May 30, 2023, motion. To the extent that the petitioner seeks an order directing VA to issue an appealable decision on his request for remote, read-only VBMS access, the Court holds that he has not met his burden of establishing that the Court has jurisdiction to do so, and the Court will thus dismiss the petition.

## I. BACKGROUND

The petitioner, who is now 81 years old, served on active duty in the U.S. Marine Corps from October 1967 to July 1969 and in the U.S. Army from July 1974 to May 1999. Pet. at 2, 18-19. In July 2022, he requested that VA provide him with a copy of his VA claims file, and the following month, he filed a claim for disability compensation for prostate cancer. *Id.* at 2, 3, 30, 45-47. He is pursuing his claim at the Agency without assistance from an attorney, claims agent, or veterans service organization (VSO). *Id.* at 2-3, 38. In response to his request for a copy of his claims file, VA mailed him a compact disc (CD) in February 2023, which contained over 10,000 pages of documents. *Id.* at 30-31. To access those records, the petitioner purchased a CD reader for his computer, but he found it difficult and time consuming to locate information because the CD lacked a table of contents, the records were not in chronological order, and the search function was unreliable. *Id.* at 3-4, 31-32.

Although VA allows individuals in certain circumstances to review their VBMS records in person at a VA regional office (RO), it would require the petitioner to make a 4-hour round trip drive to do so. *Id.* at 7. Instead, he asked VA in March 2023 to afford him remote, read-only access to VMBS so he could electronically access his own records from his home. *Id.* at 6-7, 101-07; OA at 2:07-2:18. It is undisputed that VA has not provided a written response to that request. Pet. at 6-7; OA at 3:58-4:18. In December 2023, the Secretary provided the petitioner with a second CD containing an updated version of his claims folder. Secretary's *Solze* Notice at 1.

## II. PARTIES' ARGUMENTS[5]

### A. Initial Pleadings

#### 1. Petition

The petitioner, prior to retaining counsel, sought a Court order directing VA to justify its policy of denying remote, read-only VBMS access to claimants representing themselves before

---

[5] On April 16, 2024, and April 22, 2024, the petitioner submitted documents to the Court styled as "Petitioner's *Solze* Notice" and "Petitioner's Amended *Solze* Notice," respectively. *See Solze v. Shinseki*, 26 Vet.App. 299, 301 (2013) (per curiam order). However, these notices do not appear to be aimed at "notify[ing] the Court of developments that could deprive the Court of jurisdiction or otherwise affect its decision." *Id.* Rather, the petitioner bolsters the arguments already raised in his other pleadings or presents new arguments. Accordingly, the Court will not consider them. *See Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[I]mproper or late presentation of an issue or argument . . . ordinarily should not be considered."). To the extent that the petitioner asserts that his request for relief is not limited to VBMS but rather includes "access to other VA IT systems to pursue his claim(s) at the [Board

the Agency or, alternatively, a Court order invalidating that policy. Pet. at 1-15. As support, the petitioner noted that VA grants such access to accredited attorneys, claims agents, VSO representatives, and the staff of those representatives. *Id.* at 1-2, 5-6 (citing 87 Fed. Reg. at 37,745). He averred that accessing his files in VBMS would be advantageous because the entries are tabbed and organized chronologically, and the Notes section contains claims status information. *Id.* at 12. Because of the difficulties with using the CD and the specific advantages of remote VA systems access, he contended that VA's omission of self-represented claimants from those eligible for remote VBMS access is discriminatory, unreasonable, and inequitable, and violates veterans' due process rights. *Id.* at 13-14.

Regarding his standing to seek the requested relief, the petitioner maintained that he would incur costs if he were to drive to an RO to view VBMS in person and, even then, he would not have access to all of the VA systems that veterans' representatives may access. *Id.* at 10. He further asserted that denying remote VBMS access to self-represented veterans prevents them "from effectively and timely pursuing their claims." *Id.* at 12-13. Concerning the Court's jurisdiction to provide the requested relief, he argued that the Court has subject matter jurisdiction pursuant to 38 U.S.C. §§ 511, 5701(a), (b), and 7261. *Id.* at 8. In that regard, he noted that this Court has held that section 5701 is a law affecting the provision of benefits and that the Court has previously determined that "'decisions regarding access to claims files are rendered pursuant to a law affecting the provision [of] veterans' benefits.'" *Id.* at 9 (quoting *Chisholm v. McDonald*, 28 Vet.App. 240, 243 (2016) (per curiam order)).

### 2. Secretary's Response

The Secretary urged the Court either to dismiss the petition for lack of subject matter jurisdiction or to deny the petition because the petitioner has not established his right to a writ. Secretary's Response (Resp.) at 1. Regarding subject matter jurisdiction, the Secretary argued that the "[p]etitioner's right to access his VA file is premised on the Privacy Act," which mandates that the Agency provide individuals with records maintained by VA that pertain to the individual but does not specify in what format such access must be granted. *Id.* at 3; *see id.* at 3-4. The Secretary asserted that "[t]he determination by the Secretary to grant electronic access to his own internal system and network, and the manner in which such access is granted, is purely discretionary," and the Court lacks jurisdiction to review such a discretionary determination where "no manageable standards exist to evaluate that decision." *Id.* at 4. Additionally, the Secretary posited that allowing access to internal VA systems is governed by laws and regulations pertaining to privacy and information security and involves neither "a question of fact or law necessary to a decision over which the Court has jurisdiction" nor a "'benefit claim that is subject to appeal.'" *Id.* at 5 (quoting 85 Fed. Reg. 9435, 9438 (proposed Feb. 19, 2020) (to be codified at 38 C.F.R. pts. 1, 14)); *see id.* at 4-5.

If the Court determines that it does have jurisdiction, the Secretary argued that the Court should conclude that the petitioner does not have a right to a writ because he does not have a statutory or regulatory right to remote VBMS access. *Id.* at 5-9. Remote access, the Secretary

---

of Veterans' Appeals (Board)]," Petitioner's Amended *Solze* Notice at 1, the distinction between the various IT systems does not affect the Court's analysis below.

explained, is governed by 38 C.F.R. §§ 1.600 through 1.603, which provide such access to specific representatives and their staff under certain circumstances. *Id.* at 6-8. On the other hand, a claimant's access to his own records is governed by 38 C.F.R. § 1.577, which was promulgated under the Privacy Act and provides only that an individual may review and obtain a copy of his records. *Id.* at 9. The Secretary stressed that the omission of individual claimants from those eligible for remote VBMS access was driven primarily by security concerns. *Id.* at 10-15. In that regard, the Secretary noted that a veteran's claims file potentially contains sensitive information, which must be redacted prior to being released to a claimant. *Id.* at 11-12. Further, providing access to more than 16 million veterans would "present[] insurmountable security concerns related to managing proper access control for claimants and screening claimants as users." *Id.* at 12. According to the Secretary, this Court, in *Green v. McDonald*, 28 Vet.App. 281, 292 (2016) (per curiam order), has already held that restricting electronic claims file access based on security concerns is reasonable. *Id.* at 13.

### 3. Petitioner's Reply

In reply, the petitioner maintained that the Court has jurisdiction under 28 U.S.C. § 1651(a) based on 38 U.S.C. §§ 511, 5701, and 7261, and the Court's jurisdictional holding in *Chisholm*. Reply at 1-2. Further, in response to the Secretary's contention that his discretionary decision as to the manner to provide records access is unreviewable by the Court, the petitioner argued that section 5701 and its implementing regulations contain judicially manageable standards to do so. *Id.* at 2. He requested that the Court either invalidate VA's policy or require VA "to issue a formal denial of [his] request for remote access which he can appeal to the Board." *Id.* at 10.

### B. Supplemental Memoranda of Law

### 1. Petitioner

The petitioner, through counsel, first asserts that the Court has power to enter orders in aid of its own jurisdiction,[6] including "removing 'obstacles to the ordinary process for review of veterans benefits decisions.'" Petitioner's Supp. Memo. at 4 (quoting *Love v. McDonough*, 35 Vet.App. 336, 346 (2022) (per curiam order)); *see id.* at 9, 11, 12. He suggests that the difficulties he encountered with the CD and VA's refusal to provide a written decision on his request for remote VBMS access are such obstacles that the Court may address. *Id.* at 9; *see id.* at 3, 11. Additionally, in his view, the Court's authority to issue orders in aid of its jurisdiction encompasses reviewing "the manner in which . . . VA provides claimants with access to their

---

[6] The petitioner's counsel suggests that he need not address jurisdiction because the Court's order instructed the parties to assume that it has jurisdiction. Petitioner's Supplemental (Supp.) Memorandum (Memo.) at 5 n.2. This, however, is not an accurate reading of the Court's order, which specifically required the parties to address the Court's authority to "[d]irect VA to issue an appealable decision either generally justifying its policy of withholding access from self-represented claimants or specifically acting on the petitioner's request for access" and to address whether "the manner in which VA provides access to records [is] an unreviewable Privacy Act matter." *Lechliter v. McDonough*, U.S. Vet. App. No. 23-2587, at 1 (Sept. 19, 2023) (unpublished order) (emphasis omitted).

records," as the Court did in *Green* and *Carpenter v. McDonough*, 34 Vet.App. 261 (2021). Petitioner's Supp. Memo. at 12.

The petitioner also proposes several questions that the Secretary should be required to answer in any decision denying his request for remote VBMS access, such as how much it would cost to afford access to self-represented claimants and why access is permitted for unaccredited legal assistants. *Id.* at 5-8. He asserts that "[t]he Secretary should provide this information in an appealable decision so that this Court (or any other reviewing court) can make a reasoned decision regarding this policy." *Id.* at 5-6.

### 2. Secretary

The Secretary maintains that the petition should be dismissed because the petitioner has not shown that this matter arises under a law affecting the provision of VA benefits, that VA's omission of self-represented claimants from those who are eligible for remote VBMS access could be the subject of a Board decision, or that the Court would have subject matter jurisdiction to review any such Board decision. Secretary's Supp. Memo. at 2-3, 5. In that regard, he first contends that VA's policy is "an unreviewable Privacy Act matter solely within VA's discretion." *Id.* at 3; *see id.* at 19. Specifically, he explains that VA processes record requests under the Privacy Act, which allows individuals to access records pertaining to the individual but does not dictate the manner in which an agency provides that access. *Id.* at 4. Rather, the manner in which the Secretary does so is a purely discretionary decision, and there are no manageable standards by which the Court could evaluate that decision. *Id.* at 6. The Secretary continues that the Privacy Act is not a law affecting the provision of VA benefits and thus is not within the Board's jurisdiction; VA has delegated to the VA General Counsel, not the Board, the authority to make final Agency decisions regarding the Privacy Act; and Congress has vested U.S. district courts, rather than this Court, with jurisdiction over Privacy Act litigation. *Id.* at 4-5; *see id.* at 17.

Next, the Secretary avers that the Court lacks authority to order VA to issue an appealable decision either generally justifying its policy governing access to VBMS or specifically acting on the petitioner's request for access. *Id.* at 7-16. Regarding an appealable decision generally, the Secretary points out that the policy at issue is set forth in regulations, and he contends that the "Court does not have the authority to provide non-case-specific review of [those] . . . regulations." *Id.* at 8; *see id.* at 19. In other words, the Court may review the validity of a regulation only through appellate review of a Board decision. *Id.* at 8. In contrast, the authority to directly review VA regulations, the Secretary asserts, lies solely with the United States Court of Appeals for the Federal Circuit (Federal Circuit). *Id.* The Secretary acknowledges that, in *Rosinski v. Shulkin*, 29 Vet.App. 183 (2018) (per curiam order), the Court addressed the validity of a different VA policy, which allowed VSOs, but not attorneys, to review draft rating decisions before they were issued. *Id.* at 8-9. But he avers that *Rosinski* is distinguishable because the policy was contained in the *VA Adjudication Procedures Manual*, not in a regulation. *Id.* at 9. Thus, to the extent that the petitioner seeks to challenge VA's regulations, the Secretary posits that his avenue for relief lies exclusively with the Federal Circuit. *Id.*

Turning to an appealable decision regarding the petitioner's specific request, the Secretary begins with a summary of the statutes, regulations, and caselaw relevant to remote VBMS access.

*Id.* at 10-12. In short, the Secretary explains that, in prior Court decisions addressing access to VBMS, the jurisdictional hook was found in 38 U.S.C. § 5904, which governs recognition of agents and attorneys to represent claimants before VA and which the Federal Circuit has held is a law affecting the provision of VA benefits. *Id.* at 10-12, 14 (citing *Bates v. Nicholson*, 398 F.3d 1355 (Fed. Cir. 2005)). The self-represented petitioner, on the other hand, does not fall within the scope of that statute or within the prior versions of regulations promulgated pursuant to that statutory section, including 38 C.F.R. §§ 1.600-.603 and § 14.629, and therefore, he lacks standing to challenge their validity. *Id.* at 12-14. Finally, the Secretary explains that, in June 2022, VA promulgated amendments to §§ 1.600 through 1.603 pursuant to statutes governing VA information technology systems rather than pursuant to section 5904. *Id.* at 14-15 (citing 38 U.S.C. §§ 5721-5728).

## III. LEGAL LANDSCAPE

### A. All Writs Act Authority

Pursuant to the All Writs Act (AWA), the Court has the authority to issue extraordinary writs in aid of its prospective jurisdiction. 28 U.S.C. § 1651(a). "[J]urisdiction to issue a writ of mandamus pursuant to the AWA relies upon not *actual* jurisdiction but *potential* jurisdiction." *In re Fee Agreement of Cox* (*Cox I*), 10 Vet.App. 361, 370 (1997), *vacated on other grounds sub nom. Cox v. West* (*Cox II*), 149 F.3d 1360 (Fed. Cir. 1998).

This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond the scope permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). Hence, it is well established that the AWA does not extend this Court's jurisdiction. *See Cox II*, 149 F.3d at 1363; *see also Heath v. West*, 11 Vet.App. 400, 402-03 (1998). Because the AWA "is not an independent basis of jurisdiction, . . . the petitioner must initially show that the action sought to be corrected by mandamus is within [the] court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983); *see Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) (noting that the AWA "is a residual source of authority").

The Court's appellate jurisdiction is governed by section 7252 of title 38, U.S.C., which provides that the Court "shall have exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252(a). The Board, in turn, has jurisdiction to consider "[a]ll questions in a matter which under section 511(a) of . . . title [38] is subject to decision by the Secretary." 38 U.S.C. § 7104(a). And, pursuant to section 511(a), "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Therefore, the Court's jurisdiction to issue the order sought by the petitioner pursuant to the AWA depends on whether the grant of the petition could lead to a Board decision over which the Court would have jurisdiction. *See Cox I*, 10 Vet.App. at 371.

As an initial matter, answering that question requires the Court to consider, and the petitioner to show, that the case "arises 'under a law that affects the provision of benefits.'" *Bates*,

6

398 F.3d at 1359 (quoting 38 U.S.C. § 511(a)); *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 188-89 (1936) (holding that the ultimate burden of establishing jurisdiction rests with the party seeking the exercise of jurisdiction in his favor); *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992). The petitioner also must show that VA's actions in question could be the subject of a Board decision, *Yi v. Principi*, 15 Vet.App. 265, 267 (2001) (per curiam order) ("The Court lacks appellate jurisdiction over any issue that cannot be the subject of a Board decision."), and that this Court would have subject matter jurisdiction to consider a Board decision on that matter, *see, e.g.*, *Wanner v. Principi*, 370 F.3d 1124, 1129-31 (Fed. Cir. 2004) (discussing a matter that had been removed by statute from the Court's jurisdiction).

## B. Privacy Act

The Privacy Act "'regulate[s] the collection, maintenance, use, and dissemination of information by [federal] agencies'" and provides a private cause of action against federal agencies for violating its provisions. *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted); *see* 5 U.S.C. § 552a(g)(1). As relevant here, the Privacy Act allows an individual or his authorized representative to access records pertaining to the individual. *See* 5 U.S.C. § 552a(d)(1). If an agency "refuses to comply" with an individual's request to access his records, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of . . . subsection [552a(g)]." 5 U.S.C. § 552a(g)(1)(B); *see* 5 U.S.C. § 552a(d)(1).

Specific to VA, 38 U.S.C. § 5701 provides that VA will make certain disclosures to claimants or to representatives and that, with one exception not relevant here, "any disclosure made pursuant to . . . section [5701] shall be made in accordance with the provisions of section 552a of title 5[, the Privacy Act]." 38 U.S.C. § 5701(j); *see* 38 U.S.C. § 5701(a), (b); *see also* 38 C.F.R. § 1.550(b) (2023) ("Requests for records about an individual[] protected under the Privacy Act . . . , including one's own records . . . , will be processed under . . . the Privacy Act."). VA's regulations further instruct that denials of records requests may be appealed to the Office of General Counsel, who will render the final Agency decision in such appeals. 38 C.F.R. § 1.580(b), (c) (2023); *see* 38 C.F.R. §§ 1.550(b), 1.577 (2023).

## C. Access to VA Systems

Historically, the Court's review of remote access to VA records systems has revolved around 38 C.F.R. §§ 1.600 through 1.603 and § 14.629. Prior to July 2022, § 14.629 provided that certain persons working under the supervision of accredited persons "may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603." 38 C.F.R. § 14.629 note (2016). In turn, § 1.600 authorized remote access to "automated [VBA] claims records" and "automated claimants' claims records" and described the circumstances under which such access would be granted. 38 C.F.R. § 1.600(a), (b) (effective June 23, 2008, to July 24, 2022). Those regulations limited read-only, remote access to "[a]n organization, representative, attorney or agent approved or accredited by VA" or attorneys representing a claimant before the Court. 38 C.F.R. § 1.601(a)(1), (2) (effective June 23, 2008, to July 24, 2022).

In 2015, an attorney, Mr. Chisholm, sought a writ compelling VA, pursuant to the note in § 14.629, to provide remote, read-only access to paralegals and support staff under his supervision or, alternatively, requiring VA to issue an appealable decision on his request for such access. *Chisholm*, 28 Vet.App. at 241-42. The Court held that it had authority to issue a writ because any action by VA authorizing or denying such access would be taken under § 14.629 as it existed in 2016; that regulation was promulgated pursuant to 38 U.S.C. § 5904, which governs "[r]ecognition of agents and attorneys" for purposes of representing claimants before VA, 38 U.S.C. § 5904; and the Federal Circuit had held that "section 5904 is a law that affects the provision of benefits," *Chisholm*, 28 Vet.App. at 242 (citing *Bates*, 398 F.3d at 1362). Thus, the Court concluded, "the denial of access by the Secretary would be subject to review by the Board, and, consequently, the refusal to issue a Statement of the Case . . . would be grounds for issuing a writ in aid of our jurisdiction." *Id.* Because VA had refused to provide the petitioner with such a decision, the Court ordered the Secretary to issue a decision "which may be appealed to the Board and ultimately the Court." *Id.* at 243.

Shortly thereafter, an attorney representing an appellant before the Court in *Green* sought remote VBMS access in order to review the record before the agency (RBA) in accordance with Rule 10 of the Court's Rules of Practice and Procedure (Rules). 28 Vet.App. at 283; *see* U.S. VET. APP. R. 10(a), (d) (requiring the Secretary to serve on an appellant a copy of "all materials that were contained in the claims file on the date the Board issued the decision from which the appeal was taken" and to allow a party's representative "to inspect and to copy, subject to reasonable regulation by the Secretary, any original material in the [RBA] that is not subject to a protective order"). At that time, it was VA's policy to permit remote VBMS access to such attorneys only if they were also accredited by VA; otherwise, they could view VBMS only at an RO or the VA General Counsel's office. *Green*, 28 Vet.App. at 283-84. The attorney, who was not accredited by VA, argued that the then-existing versions of §§ 1.600 through 1.603 afforded her the right to remotely access VBA's automated claims records to conduct the inspection contemplated by Rule 10. *Id.*

As for jurisdiction, the *Green* Court concluded that, "[b]ecause this case implicates the Secretary's compliance with Rule 10(d) and the Court clearly has jurisdiction to enforce its own rules, the Court has jurisdiction to determine whether the Secretary's policies and procedures governing access to the 'original material in the [RBA]' are reasonable." *Id.* at 288 (quoting U.S. VET. APP. R. 10(d)). The Court, however, concluded both that VBMS is not among the automated systems governed by §§ 1.600 through 1.603 and that it was "unnecessary to resolve" whether "the Court lacks jurisdiction to review [VA's] policies and procedures for granting remote access to VBMS." *Id.* at 288, 290. Ultimately, the Court determined that, for purposes of Rule 10, VA's policy of allowing an unaccredited attorney to view an appellant's records at the VA General Counsel's office or at an RO was reasonable. *Id.* at 295.

In *Carpenter*, two VA-accredited attorneys appealed Board decisions denying read-only, remote VBMS access to their unaccredited paralegals and staff. 34 Vet.App. at 264. After the Court in *Chisholm* had issued a writ directing VA to provide Mr. Chisholm with an appealable decision on that question, 28 Vet.App. at 243, an RO denied his request; he appealed to the Board, and upon appeal to the Court, his case was consolidated with a similar appeal from Mr. Carpenter, *Carpenter*, 34 Vet.App. at 262, 264. The Court, in July 2021, held that, "even though the situation

here involves categories of people different than those in *Green*, that does not change the applicability of *Green*'s holding that automated claims records, as noted in § 1.600, do not include VBMS, no matter who is accessing them." *Id.* at 269.

While the *Carpenter* appeal was pending, VA proposed to amend §§ 1.600 through 1.603 and § 14.629 to clarify who may "directly access VA's claim records through [VBA] IT systems during representation of a VA claimant in a claim for VA benefits." 85 Fed. Reg. at 9435. In part, VA proposed to expand the list of systems covered by the regulations to include VBMS, but VA intended to limit remote VBMS access to "attorneys, agents, or representatives of a VA-recognized service organization designated to provide representation on the claim." *Id.* at 9436. VA explained that this would strike a balance between ensuring claimants have the claims assistance they need and maintaining private information in secure, reliable information systems. *Id.* at 9435-36. Further, VA identified "[t]he statutory authority for proposed §§ 1.600 through 1.603 [as] 38 U.S.C. [§§] 5721 through 5728," which govern security for VA information and information systems. *Id.* at 9435; *see* 38 U.S.C. § 5721.

Effective in July 2022, VA's final rule amended §§ 1.600 through 1.603 to clarify the categories of eligible persons and the procedures for remote records access, and VA expressly included VBMS in the list of applicable VA records systems. *See* 87 Fed. Reg. 37,744. Under the amended regulations, VA may grant remote VBMS access to accredited attorneys, agents, and representatives of a VA-recognized service organization, as well as affiliated support-staff personnel and individuals authorized by the VA General Counsel under § 14.630. *See* 38 C.F.R. § 1.600(a)(1), 1.601(a)(1) (2023). The regulations do not include non-accredited, self-represented claimants as persons who are eligible for such access. *See id.* If VA denies or revokes access to an attorney, agent, representative of a VSO, support staff, or authorized individual, "VA will notify" that person or organization and include "instructions for submitting an optional response and identification of the official making the final decision." 38 C.F.R. § 1.603(c)(1) (2023). Upon receiving a response from the individual, "VA will issue a final decision," and the individual then "may request reconsideration." 38 C.F.R. § 1.603(c)(2), (3). VA also amended § 14.629 to remove the note providing that certain persons working under the supervision of accredited persons "may qualify for read-only access to pertinent [VBA] automated claims records as described in §§ 1.600 through 1.603." 38 C.F.R. § 14.629 note (2016); *see* 87 Fed. Reg. at 37,745-46. According to the final rule, the statutory authority for §§ 1.600 through 1.603 includes 38 U.S.C. §§ 5721 through 5728, which pertain to VA information security, as well as section 5701. *See* 87 Fed. Reg. at 37,749; *see also* OA at 37:46-38:15.

## IV. ANALYSIS

It is well-settled that the petitioner bears the burden of establishing that the Court has jurisdiction to act. *Bethea*, 2 Vet.App. at 255. Here, the Court holds that the petitioner has not carried his burden of establishing that the Court has jurisdiction to grant a writ directing VA to issue an appealable decision on his request for remote, read-only VBMS access. To be clear, the Court *does not hold* that the Court definitively lacks jurisdiction to compel VA to issue such a decision; rather, the Court holds that the petitioner *in this case*—who has not fully grappled with the complex jurisdictional questions implicated by his petition—has not sufficiently connected the

9

jurisdictional dots. The analysis that follows highlights gaps in his arguments, which the Court will not itself fill. *See McNutt*, 298 U.S. at 188-89; *Bethea*, 2 Vet.App. at 255.

Piecing together assertions in the then-self-represented petitioner's initial pleadings, in the supplemental memorandum he filed through counsel, and presented at oral argument, the crux of the petitioner's position as to jurisdiction is that, pursuant to 38 U.S.C. §§ 511, 5701, and 7261, and *Chisholm*, *Green*, and *Carpenter*, the manner in which VA provides claimants with access to their records entails a law affecting the provision of VA benefits. Pet. at 8-9; Reply at 1-2; Petitioner's Supp. Memo. at 9, 11-12. And, because VA's policy of precluding remote VBMS access for self-represented claimants negatively impacts his ability to pursue his claim for VA benefits before the Agency, the Court may utilize its AWA authority to remove that obstacle, including by requiring VA to issue a decision in response to the petitioner's request for remote VBMS access. Pet. at 9-10; Reply at 1-2; Petitioner's Supp. Memo. at 3-4; OA at 23:17-23:32.

## A. Caselaw[7]

Turning first to *Chisholm*, *Green*, and *Carpenter*, the petitioner contends that those cases stand for the proposition that "'decisions regarding access to claims files are rendered pursuant to a law affecting the provision [of] veterans' benefits,'" Pet. at 9 (quoting *Chisholm*, 28 Vet.App. at 243), and that the Court's authority to issue orders in aid of its jurisdiction encompasses reviewing "the manner in which . . . VA provides claimants with access to their records," Petitioner's Supp. Memo. at 12; *see* OA at 23:17-23:32, 54:22-55:28. The Secretary counters that those cases all involved VA's pre-July 2022 regulations; that section 5904, which was the jurisdictional hook identified in *Chisholm*, is inapplicable to a self-represented claimant; and that section 5904 is not the statutory authority for the post-July 2022 regulations that are pertinent here. Secretary's Supp. Memo. at 10-15.

As outlined above, *Chisholm*, *Green*,[8] and *Carpenter* each involved attorneys seeking remote VBMS access either personally or for their staff and concerned the pre-July 2022 versions of 38 C.F.R. §§ 1.600 through 1.603 and § 14.629. The Court explicitly held in *Green* and *Carpenter* that, at that time, §§ 1.600 through 1.603 did *not* encompass VBMS among the records systems addressed in those regulations. *Green*, 28 Vet.App. at 290; *Carpenter*, 34 Vet.App. at 269. More importantly, in *Chisholm*, which led to the *Carpenter* appeal, although the Court determined that "decisions regarding access to claims files are rendered pursuant to a law affecting the provision of veterans' benefits," 28 Vet.App. at 243, the Court explained that VA's denial of remote records access to paralegal support staff in that case would be made pursuant to the note in

---

[7] At oral argument, the petitioner's counsel indicated that "the *Henderson* case" supports that the petitioner should have remote access to his VBMS file. OA at 18:18-18:56. It is possible this is a reference to *Henderson v. Shinseki*, 562 U.S. 428 (2011); however, counsel did not explain how that opinion supported a determination that the Court has jurisdiction to issue the requested writ. *See Shorette v. McDonough*, 36 Vet.App. 297, 318 (2023) (per curiam order) (declining to address the petitioner's motion for an injunction because "she did not address any of the requisite criteria for establishing the requested relief").

[8] As described above, *Green* addressed a Rule 10 dispute *at the Court* and did not address the extent to which the Court could review VA's policy as to who may access VBMS. 28 Vet.App. at 288. The petitioner does not explain how *Green* could nevertheless provide broad support for the proposition that the Court has jurisdiction over the manner in which VA provides claimants with access to their records while pursuing claims at the Agency.

§ 14.629, which in turn was promulgated pursuant to section 5904. *Id.* at 242. Notably, that statute governs "[r]ecognition of agents and attorneys," 38 U.S.C. § 5904, and had been identified by the Federal Circuit as a law that affects the provision of benefits, *Bates*, 398 F.3d at 1359; *see Chisholm*, 28 Vet.App. at 242. In other words, it was the pre-July 2022 version of the regulations at issue in *Chisholm* and the law affecting the provision of benefits pertained to agents and attorneys.

By comparison, the instant case involves a request for remote VBMS access by a claimant proceeding without representation before VA and the post-July 2022 versions of §§ 1.600 to 1.603 and § 14.629. Significantly, VA removed the note to § 14.629, including the references to §§ 1.600 through 1.603, which had provided the jurisdictional tie in *Chisholm*. And, in proposing and finalizing the regulatory changes, VA did *not* list section 5904 as a statutory authority for the amended regulations. *See* 85 Fed. Reg. at 9435; 87 Fed. Reg. at 37,749. Yet, the petitioner does not acknowledge these distinctions or seek to explain how these opinions could nevertheless control the current dispute. Indeed, the petitioner does not contend that section 5904 is implicated here or explain how it could supply a jurisdictional hook in a case that does not involve an agent or attorney and does not involve regulations explicitly promulgated pursuant to that statutory section. *See Bethea*, 2 Vet.App. at 255.

## B. Statutory Authorities

Regarding the statutory provisions the petitioner identified as providing jurisdiction, he simply lists sections 511, 5701, and 7261 and asserts that (1) under *Rosinski*, the Court has already determined that section 5701 is a law affecting the provision of VA benefits, Pet. at 8-9; *see* Reply at 1-2, and (2) the Court's power to enter orders in aid of its own jurisdiction "includes removing 'obstacles to the ordinary process for review of veterans benefits decisions,'" Petitioner's Supp. Memo. at 4 (quoting *Love*, 35 Vet.App. at 346). As explained above, however, the petitioner's burden is to establish that a VA decision regarding remote VBMS access for a self-represented claimant could be appealable to the Board and that the Court would have subject matter jurisdiction over an appeal of the Board decision. *See Yi*, 15 Vet.App. at 267. He has not done so.

To begin, the petitioner does not acknowledge or seek to distinguish caselaw holding that section 7261 is not an independent basis for the Court's jurisdiction in the context of a petition. *See Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 56 (2020) (order), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (Rule 36 judgment); *Love*, 35 Vet.App. at 348-49. Moreover, although the Court has held that section 5701 generally is "a law that affects the provision of benefits," 38 U.S.C. § 511(a); *see Rosinski*, 29 Vet.App. at 189, the petitioner's contentions leave unanswered a number of complex jurisdictional questions.

In that regard, VA maintains that "[t]he determination by the Secretary to grant electronic access to his own internal system and network, and the manner in which such access is granted, is purely discretionary," and the Court lacks jurisdiction to review such a discretionary determination when "no manageable standards exist to evaluate that decision." Secretary's Resp. at 4 (citing *Werden v. West*, 13 Vet.App. 463, 467 (2000)); *see* Secretary's Supp. Memo. at 3-6. The petitioner suggests that section 5701 and its implementing regulations could provide such standards, Reply

at 2, but he does not point to any specific language that could do so. *See* 38 U.S.C. § 5701(a), (b) (outlining when VA must "make disclosure[s]" of "files, records, reports, and other papers and documents pertaining to any claim").

Next, the Secretary asserts that VA's obligation to provide a claimant with a copy *of his own* claims records is found in 38 C.F.R. § 1.577 and the Privacy Act, which is not a law affecting the provision of VA benefits. Secretary's Resp. at 3-4, 9; Secretary's Supp. Memo. at 4-5. The petitioner, on the other hand, points generally to section 5701 but does not explain how that provision could govern VA's actions in allowing or denying remote VBMS access. *See* OA at 18:14-18:28 (petitioner's counsel acknowledging that "there is no law" that requires VA to provide remote VBMS access to the petitioner). Further, to the extent that providing remote VBMS access could be governed by the Privacy Act, the Secretary points out that the Agency's final determinations on record requests have been delegated to the VA General Counsel, not the Board, and that Congress explicitly vested jurisdiction over civil actions arising from the Privacy Act in the U.S. district courts rather than in this Court. Secretary's Supp. Memo. at 5-6, 17. Specifically, as noted above, 5 U.S.C. § 552a(g)(1) provides that, if an agency "refuses to comply" with an individual's request to access his records, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction," 5 U.S.C. § 552a(g)(1), and VA regulations provide that, if VA denies a request for an individual to access his or her own records, "[t]he final agency decision . . . will be made by . . . the Office of General Counsel," 38 C.F.R. § 1.580(b). The petitioner does not explain how any Privacy Act matter entailed here could nevertheless lead to a Board decision or an appeal to this Court.

Additionally, VA's amended regulations govern access to its information systems, including VBMS, by individuals *other than the VA claimant*—specifically, an accredited attorney, agent, or representative of a VSO, and unaccredited support staff and certain individuals authorized by the General Counsel to represent claimants. 38 C.F.R. § 1.600(a)(1) (2023). That access is "for the purpose of providing representation," 38 C.F.R. § 1.601(a)(1) (2023), and may be denied by VA if the individual does not fall within those categories of representatives or does not satisfy certain security requirements. 38 C.F.R. § 1.601(a)(2), (3). VA information owners [9] are responsible for "'[d]etermin[ing] who has access to the system or systems containing sensitive personal information, including types of privileges and access rights.'" Secretary's Supp. Memo. at 15 (quoting 38 U.S.C. § 5723(d)(2)). Notably, VA regulations stipulate that, if VA denies or revokes access, VA will issue "a final decision" only to an "attorney, agent, representative of a [VSO], support-staff person, or individual authorized by the General Counsel." 38 C.F.R. § 1.603(c)(1), (2). Final determinations denying or revoking remote VBMS access are made by "the Director of the VA [RO] or center with jurisdiction over the final decision." 38 C.F.R. § 1.603(c)(5).

The petitioner does not engage with these authorities or explain how, even if he were to receive a decision about remote VBMS access under the revised regulations, it could be the subject

---

[9] "The term 'information owner' means an agency official with statutory or operational authority for specified information and responsibility for establishing the criteria for its creation, collection, processing, dissemination, or disposal, which responsibilities may extend to interconnected systems or groups of interconnected systems." 38 U.S.C. § 5727(9).

12

of a Board decision.[10] Nor does he explain whether requiring VA to issue a final decision under § 1.603(c)(2) to an individual who is *not* explicitly covered by these regulations—that is, to someone who is not an "attorney, agent, representative of a [VSO], support-staff person, or individual authorized by the General Counsel"—would essentially undermine the validity of § 1.603 and, if so, whether that would amount to the "kind of non-case-specific review of the regulations that is vested exclusively in [the Federal Circuit] under [38 U.S.C.] § 502." *Wolfe v. McDonough*, 28 F.4th 1348, 1358 (Fed. Cir. 2022); *see* Secretary's Supp. Memo. at 8, 17-18.

## V. CONCLUSION

In sum, because the petitioner has not shown that "the action sought to be corrected by mandamus is within this [C]ourt's statutorily defined subject matter jurisdiction," *Baker Perkins, Inc.*, 710 F.2d at 1565, the Court holds that he has not established that the petition is "in aid of [our] . . . jurisdiction[]." 28 U.S.C. § 1651(a). Simply put, the Court cannot compel VA to act on a matter over which the petitioner has not established we would have subject matter jurisdiction to review.

Upon consideration of the foregoing, it is

ORDERED that the petitioner's May 30, 2023, motion is dismissed as moot. It is further

ORDERED that the May 1, 2023, petition for extraordinary relief in the form of a writ of mandamus is DISMISSED.

DATED: May 3, 2024                                              PER CURIAM.

FALVEY, *Judge*, concurring: "I fully agree with the majority opinion. I write separately to highlight a legal point that may get lost as claimants try to navigate their disputes with VA through our narrow jurisdictional straits." *Hambidge v. McDonough*, __ Vet.App. __, __, 2024 WL 1091731, at *5 (Vet. App. Mar. 13, 2024) (Falvey, J., concurring) (per curiam order), *appeal docketed*, No. 24-1670 (Fed. Cir. Apr. 9, 2024). Congress limited our jurisdiction to review of Board decisions, and we can issue necessary or appropriate writs to aid that jurisdiction. *Id*. As the Court reminds us today, obtaining a writ requires showing that the action sought must be within our subject matter jurisdiction—and my own point is that key to that will be showing that some statute or regulation requires VA to act the way you want or, at minimum, give you a decision about the relief you seek. This is where Mr. Lechliter's petition falls short.

At bottom, he fails to show that we have jurisdiction to review VA decisions about access to VBMS from individuals such as himself. Related to this, even if he could make it through our jurisdictional door by showing that we can review VA decisions about VBMS access, Mr.

---

[10] The Court notes that, at oral argument, VA's counsel provided equivocal information as to who in the Agency would render a final decision regarding this specific petitioner's request for remote VBMS access. OA at 38:58-40:55. While the Secretary's lack of clarity is puzzling, it is nonetheless not the Secretary's burden to show that the Court *lacks* jurisdiction; it remains the petitioner's burden to *establish* the Court's jurisdiction, and he has not done so here.

13

Lechliter would be unable to get his writ. This is because he fails to show that he has a clear and indisputable right to have VA issue a decision about his VBMS access. *See Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022) (explaining that a petitioner must show a "'clear and indisputable' right to issuance of the writ under the relevant substantive law." (quoting *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004))).

And Mr. Lechliter hasn't been able to point to a law that would require VA to give him access to VBMS. At oral argument, his counsel admitted that "put simply, there is no law that requires this."[11] To be clear, this is not a situation where VA has refused to give Mr. Lechliter access to his file. He has that. And he has it in the same format as any veteran who requests his or her file or, for that matter, the same format as any other litigant before this Court. What Mr. Lechliter wants is VBMS access (and perhaps other VA IT resources). But to have us force VA to give him an appealable decision, Mr. Lechliter would need to show that some law obliges VA to give him that access or, at minimum, a decision about that access. *See Wolfe*, 28 F.4th at 1354. This is something he hasn't done.

To be sure, VA has regulations that deal with VBMS access—38 C.F.R. §§ 1.600-.603 (2023). But Mr. Lechliter hasn't asked us to compel VA to issue him a decision under those regulations. What he appears to want is a freestanding decision not tied to any statute or regulation. Taken to its natural conclusion, this would mean that mandamus could be invoked any time someone asked VA for anything and VA did not respond with a written decision. That can't possibly be right.

If what Mr. Lechleiter wants is for VA to establish regulations giving him access to VBMS, or if he disagrees with those regulations VA already has, his remedy is to go to the Federal Circuit. He can petition the Federal Circuit for review of VA's regulation under 38 U.S.C. § 502. Or if the time for such review has passed or he wants new regulations, then he could petition VA to make new regulations and then ask the Federal Circuit for help if VA improperly refuses. *See Preminger v. Sec'y of Veterans Affs.*, 632 F.3d 1345, 1347 (Fed. Cir. 2011) (explaining the Federal Circuit's authority to review the Secretary's denials of petitions for rule making). But at least as laid out in his argument, Mr. Lechliter's path to VBMS access does not go through this Court.

---

[11] Oral Argument at 23:30–23:45, https://www.youtube.com/live/tYJnfiGjdDs?si=_XyEnQaGhe0UnltN.